■ MICHAEL W. ALLEN, Appellant, v OBERDORFER FOUN-DRIES, INC., Respondent. [595 NYS2d 995] —Order unanimously

reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Although a parent corporation may be deemed to be the employer of an employee of a subsidiary corporation for Workers' Compensation purposes if the subsidiary functions merely as the alter ego of the parent *(see, Shine v Duncan Petroleum Transp.,* 60 NY2d 22; *Pappas v Greek Archdiocese,* 178 AD2d 104; *Carusone v Three Ctrs. [OLROHO] Assocs.,* 124 AD2d 317; *Daisernia v Co-Operative G. L. F. Holding Corp.,* 26 AD2d 594), Supreme Court erred in determining as a matter of law that Oswego Castings Corp., plaintiff's employer, was the alter ego of its parent, Oberdorfer Foundries, Inc. In order for corporations to be considered alter egos, "there must be direct intervention by the parent in the management of the subsidiary to such an extent that 'the subsidiary's paraphernalia of incorporation, directors and officers' are completely ignored" *(Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163, quoting *Lowendahl v Baltimore & Ohio R. R. Co.,* 247 App Div 144, 155, *affd* 272 NY 360). The parent corporation must exercise complete domination and control of the subsidiary's everyday operations *(Pebble Cove Homeowners' Assn. v Fidelity N. Y.,* 153 AD2d 843; *see also, Matter of Sbarro Holding [Shiaw Tien Yuan],* 91 AD2d 613, 614; 13 NY Jur 2d, Business Relationships, § 30, at 297). The evidence presented by defendant failed to prove as a matter of law the requisite level of Oberdorfer's control over Oswego's everyday operations. That issue must be determined at trial. Consequently, defendant's motion for summary judgment should have been denied. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.