■ DENNIS WERNIG et al., Respondents, v PARENTS AND BROTHERS TWO, INC., Appellant. [600 NYS2d 852] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 10, 1992 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant is the owner of a parcel of property improved with a commercial building which was constructed in 1987 and leased to Lee's Plumbing and Heating Corporation (hereinafter Lee's) and one other commercial establishment during the relevant time period. On November 24, 1989, plaintiff Dennis Wernig (hereinafter plaintiff), an employee of Lee's, slipped and fell on a patch of ice on the property, allegedly caused by water runoff from the roof of the building. Plaintiff brought this action, sounding in negligence, to recover for his injuries; plaintiff's wife claims derivative damages. After issue was joined and examinations before trial held, defendant

moved for summary judgment contending, *inter alia,* that inasmuch as it did not have possession or control of the property at the time of the accident, it owed no duty to plaintiff. Supreme Court denied the motion and defendant appeals.

We affirm. As Supreme Court rightly observed, although a lessor without control or possession of the property usually has no obligation to maintain the premises in a safe condition, such a duty does arise if the lessor leased the property for a public use, with knowledge that a dangerous condition rendered it unsafe for that purpose *(see, De Brino v Benequista & Benequista Realty,* 175 AD2d 446, 447; *Williams v Saratoga County Agric. Socy.,* 277 App Div 742, 744). The record contains evidence that the area where plaintiff fell—which was on the side of the building, close to a door and a soda machine —was used regularly by delivery persons and customers, and defendant's president does not deny that the soda machine was available for use by the general public. Furthermore, there is some evidence that the accumulation of ice on the sidewalk was caused by the lack of roof gutters on the side of the building; defendant's president admits that this deficiency was present from the time the building was constructed and that he knew there was runoff onto the sidewalk below. This raises a question of fact with regard to whether the accident was caused by a defect which was or should have been apparent to defendant at the time that the building was leased *(see, Brady v Cocozzo,* 174 AD2d 814, 815).

Defendant next argues that because it is an "alter ego" of or is involved in a joint venture with plaintiff's employer (Lee's), this suit is barred by the Workers' Compensation Law. We are unpersuaded. Although defendant and Lee's are closely associated corporations and share several directors and officers, they are not "alter egos" of each other. Each was formed for a different purpose—defendant to buy, sell and manage property, Lee's to operate a plumbing and heating business—and there is no evidence that these functions are shared between the two. Further, the workers' compensation insurance policy involved was issued to Lee's and, in all the compensation claim papers processed in connection with this accident, Lee's alone is identified as the employer *(compare, Carusone v Three Ctrs. [OLROHO] Assocs.,* 124 AD2d 317, 318). Neither Lee's nor defendant is a subsidiary of the other, and there is no evidence that the finances of the two are in any way integrated or that there is any commingling of assets *(see, Buchner v Pines Hotel,* 87 AD2d 691, 692, *affd* 58 NY2d 1019), or

indeed that the principals in any way fail to treat the two entities as separate and distinct *(see, Allen v Oberdorfer Foundries,* 192 AD2d 1077; *Donatin v Sea Crest Trading Co.,* 181 AD2d 654, 655).

Defendant's other arguments have been examined and found to be without merit.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.