■ GEORGE KINSMAN, Appellant, v CHRISTOPHER McGILL, Respondent. [619 NYS2d 412] —Casey, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 21, 1993 in Essex County, which granted defendant's motion for summary judgment dismissing the complaint.

In support of his motion for summary judgment, defendant submitted evidentiary proof in admissible form to establish that he is the president and sole stockholder of Oakvale Construction Company (hereinafter Oakvale) and that he owned certain real property which he leased to Oakvale for a sand and gravel operation. Plaintiff, employed as a screening plant operator by Oakvale in its sand and gravel operation, was injured during the course of his employment and received workers' compensation benefits. In this action, plaintiff contends that his injuries were the result of defendant's violations of Labor Law §§ 200, 240 and 241. Defendant contends that plaintiff's action is barred by the exclusive remedy provisions of Workers' Compensation Law § 29 (6).

We agree with Supreme Court that defendant's status as an executive employee of plaintiff's corporate employer renders defendant a coemployee of plaintiff, so that defendant is protected by Workers' Compensation Law § 29 (6) regardless of his status as property owner (see, Heritage v Van Patten, 59

NY2d 1017). Plaintiff's allegations that defendant worked at Oakvale's construction sites, but performed no work at the site of Oakvale's sand and gravel operation where plaintiff was injured, are irrelevant. It is undisputed that plaintiff was injured during the course of his employment with Oakvale at a worksite controlled by Oakvale and that defendant is an executive employee of Oakvale. These undisputed facts establish that defendant is immune from suit pursuant to Workers' Compensation Law § 29 (6) *(see, supra)*. Defendant's responsibilities as an executive employee and as property owner for safety precautions at the worksite controlled by the corporate employer are indistinguishable *(see, Cusano v Staff,* 191 AD2d 918, 920). Supreme Court's order should therefore be affirmed.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.