■ KAREN STEPHAN, Respondent, v BENJAMIN M. STEIN et al., Appellants. [640 NYS2d 245] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated December 28, 1994, as denied the motion of the defendants Benjamin M. Stein and Douglas Stein for summary judgment dismissing the complaint insofar as it is asserted against them and (2) from so much of an order of the same court, dated June 29, 1995, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 28, 1994, is dismissed since that order was superseded by the order dated June 29, 1995, made upon reargument; and it is further,

Ordered that the order dated June 29, 1995, is reversed insofar as appealed from, on the law, the provision of the order dated December 28, 1994, which denied the motion of the defendants Benjamin M. Stein and Douglas Stein for summary judgment dismissing the complaint insofar as it is asserted against them is vacated, and the motion is granted; and it is further,

Ordered that the appellants are awarded one bill of costs.

The Supreme Court erred by denying the motion of the defendants Benjamin M. Stein and Douglas Stein for summary judgment dismissing the complaint insofar as it is asserted against them. Given the facts of this case, the workers' compensation award that the plaintiff received is her exclusive remedy (see, Workers' Compensation Law § 29 [6]).

A worker, such as the plaintiff, who is injured during the course of her employment cannot maintain an action to recover damages for personal injuries against the owner of the premises where the accident occurred, in this case Douglas Stein, when the owner is also an officer of the corporation that employed the worker (see, Heritage v Van Patten, 59 NY2d 1017; Clarke v Americana House, 186 AD2d 531; Ozarowski v Yaloz Realty Corp., 181 AD2d 763). Moreover, regardless of his status as the owner of the premises where the accident occurred, Douglas Stein is a coemployee in his relations with the plaintiff in all matters arising from and connected with their common employment (see, Heritage v Van Patten, supra).

With respect to the defendant Benjamin M. Stein, there is no evidence in the record that he was an owner of the parking lot where the plaintiff was injured. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.