■ Clinton F. Halstead, Appellant, v Bruce Wightman et al., Respondents and Third-Party Plaintiffs. Ontario Roofing & Gutter Company, Inc., Third-Party Defendant-Respondent. [668 NYS2d 850] —Order unanimously affirmed without costs. Memorandum: Plaintiff was hired by third-party defendant, Ontario Roofing & Gutter Company, Inc. (Ontario Roofing), in July 1995 to perform roofing and gutter work. Defendants, Bruce and Barbara Wightman, are owners of a single-family residence located in Canandaigua, New York. Bruce Wightman is the president and director of Ontario Roofing and both he and Barbara Wightman are employees of the company. Plaintiff sued defendants for personal injuries he sustained when he fell from the roof of defendants' residence while he and Bruce Wightman were coating and sealing the roof. The complaint alleges causes of action for negligence and violations of the Labor Law. Plaintiff received Workers' Compensation benefits from Ontario Roofing's insurance carrier.

Defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. Supreme Court granted defendants' motion and denied plaintiff's cross motion.

Bruce Wightman established entitlement to summary judgment dismissing the complaint against him on the ground that the causes of action are barred by Workers' Compensation Law §.29 (6). A worker injured during the course of his employment may not "maintain an action to recover damages for personal injuries against the owner of the premises where the accident occurred * * * when the owner is also an officer of the corporation that employed the worker" (*Stephan v Stein,* 226 AD2d 364; *see, Heritage v Van Patten,* 59 NY2d 1017). Regardless of his status as the owner of the premises where the accident occurred, Bruce Wightman "is a coemployee in his relations with the plaintiff in all matters arising from and connected with their common employment" (*Stephan v Stein, supra,* at 364). Plaintiff's reliance on our decision in *Russell v Gaines* (209 AD2d 939) is misplaced because, there, defendant failed to make a showing that defendant's decedent, plaintiff's coemployee, was acting within the scope of his employment with the corporation at the time plaintiff was injured. Here, Bruce Wightman made that showing, and plaintiff failed to raise an issue of fact.

Barbara Wightman also established entitlement to judgment dismissing the complaint against her. She presented evidentiary proof that she neither directed nor controlled the work and thus is entitled to the exemption from liability afforded by Labor Law §§ 240 and 241 to an owner of a one-family dwelling who does not direct or control the work. Moreover, because she presented proof that she did not direct or control the work, she demonstrated entitlement to judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 (*see, Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049, 1050). Plaintiff failed to raise an issue of fact whether Barbara Wightman directed or controlled the work. There is no merit to plaintiff's contention that Barbara Wightman may be liable under a theory that Bruce Wightman was acting as her agent (*see, Mandelos v Karavasidis,* 213 AD2d 518, 519-520, *mod on other grounds* 86 NY2d 767). (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.