■ EILEEN PARRINELLO et al., Respondents, v RAYMOND MANCUSO, Appellant. [674 NYS2d 484] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered September 3, 1997 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Eileen Parrinello (hereinafter plaintiff), employed by Graphic Communications, Inc., slipped and fell on the front steps while exiting the building in which she worked in the Town of Athens, Greene County; she subsequently received workers' compensation benefits. Thereafter, plaintiff and her husband, derivatively, commenced this negligence action against defendant, as owner of the building where plaintiff fell, to recover damages for alleged injuries sustained therefrom. Following joinder of issue and discovery, defendant, who was also president of Graphic Communications, moved, without opposition, for summary judgment dismissing the complaint on the ground that plaintiffs' action is barred by the exclusive remedy provisions of Workers' Compensation Law § 29 (6). Supreme Court denied the motion and this appeal ensued.

Initially, to the extent that Supreme Court found that a question of fact exists as to whether plaintiff was within the course of her employment at the time of the accident, we note that plaintiff was leaving her place of employment and was entitled to safe ingress and egress (*see, Sicktish v Vulcan Indus.*, 33 AD2d 975, 976; *Matter of McGrath v Chautauqua County Home*, 31 AD2d 557). In our view, although exiting the building at the end of her work day, plaintiff was still within the course of her employment (*see, Sicktish v Vulcan Indus., supra,* at 976).

Turning to the merits, "[a] worker injured during the course of his [or her] employment may not 'maintain an action to recover damages for personal injuries against the owner of the premises where the accident occurred * * * when the owner is also an officer of the corporation that employed the worker'" (*Halstead v Wightman*, 247 AD2d 909, 910, quoting *Stephan v Stein*, 226 AD2d 364; *see, Heritage v Van Patten*, 59 NY2d 1017). The record reveals that defendant, as owner of the property, had leased the premises to Graphic Communications. Although plaintiffs now contend that a question of fact exists as to whether plaintiff was employed by R & L Display, Inc., as indicated in the employer's report of a work-related accident, plaintiff's own deposition testimony demonstrates that R & L Display had changed its name to Graphic Communications af-

ter she became employed and prior to the accident, and that her paychecks were issued by Graphic Communications. As president of Graphic Communications, defendant was chargeable with providing plaintiff with a safe place to work (*see, Cusano v Staff*, 191 AD2d 918, 919).

Consequently, because defendant was both the owner of the building and an officer of the corporation which employed plaintiff, we conclude that his responsibilities to provide her with a safe place to work were merged (*see, McFarlane v Chera*, 211 AD2d 764). Plaintiff's receipt of workers' compensation benefits is her exclusive remedy pursuant to Workers' Compensation Law § 29 (6).

White, J. P., Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.