■ WINNIE KENT, Respondent, v DAVID A. YOUNIS, Appellant. [695 NYS2d 848] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint as barred by the exclusivity provisions of Workers' Compensation Law § 29 (6). Plaintiff sustained injuries when she slipped and fell in the parking lot of her employer, B'ville Diner, Inc., while walking to her car after work. She applied for and received workers' compensation benefits from her employer's workers' compensation carrier. The record establishes that defendant was the owner of the premises on which plaintiff fell and the president

890

and sole shareholder of B'ville Diner, Inc. Plaintiff, who was injured during the course of her employment, "cannot maintain an action to recover damages for personal injuries against the owner of the premises where the accident occurred * * * when the owner is also an officer of the corporation that employed the worker" (*Stephan v Stein*, 226 AD2d 364; *see, Parrinello v Mancuso*, 251 AD2d 856). (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.