■ ALBERTO LOVARIO et al., Appellants, v NICOLA VUOTTO, Individually and Doing Business as NICK'S IRON WORKS, et al., Respondents. [697 NYS2d 673] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated May 12, 1998, as granted that branch of the defendants' motion which was to vacate a purported order of the same court, dated April 16, 1998, granting the plaintiff's motion to strike the defendants' answer, (2) so much of an order of the same court, dated May 19, 1998, as denied that branch of their motion which was to strike the defendants' answer, and (3) an order of the same court, dated June 23, 1998, which denied their motion to compel the court to sign the purported order dated April 16, 1998.

Respondents. [697 NYS2d 685] —In an action to recover damages for personal injuries, etc. the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated October 29, 1998, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the action is barred by Workers' Compensation Law § 29 (6).

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly granted the motion of the defendant Nicola Vuotto for summary judgment dismissing the complaint pursuant to Workers' Compensation Law § 29 (6). The plaintiff is an employee of Oceanside Steel and Supply, Inc., while Vuotto is both the president and 100% shareholder of that corporation. Vuotto was also the owner of the property upon which the plaintiff was performing work and was injured. However, a worker, such as the plaintiff, who is injured during the course of his employment, cannot maintain an action to recover damages for personal injuries against the owner of the premises where the accident occurred when the owner is also an officer of the corporation that employed the worker (*see, Stephan v Stein,* 226 AD2d 364). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.