■ DONALD G. WILLIAMS, JR., Appellant, et al., Plaintiff, v JAMES NORTHRUP et al., Respondents, et al., Defendant. RONALD SAMSEL et al., Third-Party Plaintiffs, v NORTHRUP CONCRETE, INC., Third-Party Defendant-Respondent. [705 NYS2d 756] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of defendants Ronald Samsel, Ronald Samsel, doing business as Ronald Samsel, P.E. (collectively Samsel), and Donald J. Schmidt for summary judgment dismissing the complaint against them. The affidavit of the expert of Donald G. Williams, Jr. (plaintiff) at least arguably raises a triable issue of fact whether those defendants negligently designed the grease pit into which plaintiff fell (*see, Hourigan v McGarry*, 106 AD2d 845, *appeal dismissed* 65 NY2d 637). Similarly, the court erred in granting that part of the motion of defendants James Northrup and Northrup Contracting, Inc. (Northrup Contracting) and third-party defendant, Northrup Concrete, Inc. (Northrup Concrete) (collectively Northrup defendants) for summary judgment dismissing the complaint against Northrup Contracting because the affidavit of plaintiff's expert at least

arguably raises a triable issue of fact whether Northrup Contracting negligently constructed the grease pit. Albeit for different reasons, we conclude that the court properly granted that part of the motion of the Northrup defendants dismissing the complaint against James Northrup. The record establishes that James Northrup was the owner of the premises upon which plaintiff was injured and also the president of Northrup Concrete, plaintiff's employer. In both capacities, James Northrup was responsible for safety precautions at the worksite controlled by the corporate employer, and therefore plaintiff's suit against him is barred by the coemployee exclusivity provision of Workers' Compensation Law § 29 (6) (*see, Kinsman v McGill,* 210 AD2d 659, 660). We further conclude that Northrup Contracting failed to establish as a matter of law its entitlement to summary judgment based on the exclusivity provision of the Workers' Compensation Law. Consequently, we modify the order by denying the motion of Samsel and Schmidt and reinstating the complaint against them. We further modify the order by denying in part the motion of the Northrup defendants and reinstating the complaint against Northrup Contracting. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Hayes, J. P., Hurlbutt, Balio and Lawton, JJ.