■ MELVIN PALMER, Respondent, v DEZER PROPERTIES II, L. L. C., Appellant. [706 NYS2d 31] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about February 22, 1999, which, in an action under Labor Law § 240 (1), denied defendant landowner's motion to vacate its default in appearance, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 29, 1999, which deemed defendant's motion for renewal and reargument to be one for reargument only, unanimously dismissed, without costs, as taken from a nonappealable order.

The motion was properly denied since defendant failed to offer a reasonable explanation for its failure to answer or respond to the motions for a default judgment and for its delay in moving to vacate the default judgment. Moreover, defendant failed to show a meritorious defense (*see*, *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141). An action against an owner of premises should not be dismissed based on the exclusivity provisions of the Workers' Compensation Law "[w]hen an employer and the owner of the premises where a plaintiff is injured are distinct legal entities" (*Richardson v Benoit's Elec.*, 254 AD2d 798, 799). In addition, the record, including the facts adduced at the inquest, shows that plaintiff's injury was caused by a fall from an elevated height and is within the purview of Labor Law § 240 (1) (*see*, *Foufana v City of New York*, 211 AD2d 550). Defendant's claim of lack of juris-

diction was properly rejected as improperly raised for the first time in its reply papers (*see, Ritt v Lenox Hill Hosp.*, 182 AD2d 560). Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.