■ JEFFREY ROSENBAUM, Respondent, v CAMPS ROV TOV, Appellant. [727 NYS2d 553] —Lahtinen, J. Appeal from an order of the Supreme Court (Lamont, J.), entered February 26, 2001 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

In the summer of 1998 plaintiff, who operated a business servicing bakery and restaurant equipment, made several service calls to a summer camp owned and operated by defendant. During the course of those service calls he worked on several different ovens located in different buildings throughout the camp. In August 1998, after plaintiff completed the installation of a used oven at the camp, he was asked by defendant's employee, Cheskel Rosenberg, to check the pilot light on another oven which would not light. Rosenberg indicated to plaintiff that he had to relight the pilot light on this oven on a number of prior occasions. Plaintiff had previously worked on this oven, but never on its pilot light or its safeguard primary control device which was located on a wall near the oven. Three weeks earlier, in an attempt to ignite the pilot light, Rosenberg had placed the cap of a ball point pen in the safeguard control device, permitting gas to continually flow to the oven even with the pilot light out. When plaintiff attempted to light the pilot light with a cigarette lighter, flames came shooting back at him, causing severe burns to his arms, hands, face, neck and knees.

Plaintiff commenced this action alleging that defendant was negligent by maintaining the oven in a dangerous, defective and unsafe condition and by failing to warn plaintiff of that condition. After discovery, defendant moved for summary judg-

ment, claiming that plaintiff's act of attempting to light the pilot light prior to checking for gas leaks was a superseding cause of plaintiff's injuries. Defendant appeals from Supreme Court's denial of the motion and we now affirm.

To establish a prima facie case of negligence, a plaintiff must generally show that the defendant's negligence was a substantial cause of the events which resulted in his injury (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). A break "in the nexus between the defendant's negligence and the plaintiff's injury caused by the act of * * * the plaintiff [him]self may affect the liability of the defendant" (*Bikowicz v Sterling Drug*, 161 AD2d 982, 983; *see, Kush v City of Buffalo*, 59 NY2d 26, 33) and may even relieve a defendant of liability where the plaintiff's own conduct is the unforeseeable superseding force which not only severs the causal connection but causes the plaintiff's injury (*see, Roberts v Town of Colchester*, 139 AD2d 819, 821). However, "such conduct, in addition to being unforeseeable, must rise to such a level of culpability as to replace the defendant's negligence as the legal cause of the accident" (*id.*, at 821-822, quoting *Mesick v State of New York*, 118 AD2d 214, 218, *lv denied* 68 NY2d 611).

The record contains Rosenberg's deposition testimony that he smelled gas in the vicinity of the oven and also in his office some distance away from the oven, and that plaintiff acknowledged the gas smell, saying that he would take care of it. Rosenberg also testified that he told plaintiff about the pen cap that he had placed in the safeguard control device prior to plaintiff's attempt to relight the pilot light and that plaintiff said that he would fix it. Plaintiff denied smelling gas at any time on the date of the incident and testified that he was not told about the pen cap in the safety relay. These diametrical accounts of the facts create credibility issues which may not be resolved on a motion for summary judgment (*see, Butzer v Scharf*, 263 AD2d 862, 863). Additionally, both sides presented affidavits containing conflicting expert opinions concerning the propriety of plaintiff's actions in attempting to ignite the pilot light, which also raise triable issues of fact precluding summary judgment (*see, e.g., Williams v Northrup*, 270 AD2d 806; *Williams v Lucianatelli*, 259 AD2d 1003; *Hourigan v McGarry*, 106 AD2d 845, *appeal dismissed* 65 NY2d 637). Accordingly, we conclude that Supreme Court correctly denied defendant's motion for summary judgment.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.