■ Eduardo L. Diaz, Appellant, v Rosbrock Associates Limited Partnership, Respondent. [749 NYS2d 46] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), dated April 23, 2001, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the Workers' Compensation Law is his exclusive remedy.

Ordered that the order is affirmed, with costs.

The plaintiff was injured after falling from a ladder while working at a hotel operated by New Rochelle Hotel Associates (hereinafter NRHA), his employer, on premises owned by the defendant. The defendant and NRHA were New York limited partnerships and were both composed of the same partners. The plaintiff received workers' compensation benefits and commenced the instant action against the defendant alleging common-law negligence and violations of the Labor Law. Finding that the defendant and NRHA were a single entity for the purposes of the Workers' Compensation Law defense, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals. We affirm.

Under Workers' Compensation Law §§ 11 and 29 (6), an employer cannot be held liable as landowner for job-related injuries its employee sustains on its property (*see Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 158-159; *Rainey v Jefferson Vil. Condo No. 11 Assoc.,* 203 AD2d 544). Inasmuch as "a partnership is not to be regarded as a separate entity distinct from the persons who compose it" (*Williams v Hartshorn,* 296 NY 49, 51; *see also Ruzicka v Rager,* 305 NY 191, 197; *Caplan v Caplan,* 268 NY 445, 447), the Supreme Court correctly determined that the defendant, which was composed of the same partners as the plaintiff's employer, NRHA, was the plaintiff's employer (*see* Workers' Compensation Law § 11; *Billy v Consolidated Mach. Tool Corp., supra* at 156). Thus, the plaintiff's action is barred and the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see Jackson v Tivoli Towers Hous. Co.,* 176 AD2d 918, 918-919; *Cipriano v FYM Assoc.,* 117 AD2d 770, 771).

In light of our determination, the plaintiff's remaining contentions are academic. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur. [*See* 188 Misc 2d 159.]