■ RAYMOND D. MELSON, Appellant, v MICHAEL SEBASTIANO et al., Respondents. [822 NYS2d 203]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 18, 2005 in a personal injury action. The order granted defendants' motion for summary judgment and denied plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying the motion in part, reinstating the complaint against defendant Marie Sebastiano, granting the cross motion in part, dismissing the fourth affirmative defense and granting plaintiff partial summary judgment on liability on the third cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negli-

gence and Labor Law action seeking damages for injuries he sustained when he fell through the roof of a commercial building to the ground approximately 10 feet below. At the time of his accident, plaintiff was employed by Michael F. Sebastiano Construction, Inc., of which defendant Michael Sebastiano (Michael) was the sole owner and officer. Defendant Marie Sebastiano (Marie) was the office manager for the corporation. Defendants were the owners of the building, and plaintiff and other employees of the corporation were replacing the roof on the building at the time of plaintiff's accident.

Supreme Court properly granted that part of defendants' motion for summary judgment dismissing the complaint against Michael based on the affirmative defense of Workers' Compensation Law § 29 (6), and denied that part of plaintiff's cross motion for partial summary judgment seeking dismissal of that affirmative defense with respect to Michael. The responsibilities of Michael as sole owner and officer of the corporation were indistinguishable from his responsibilities as property owner for safety precautions at the work site (*see Macchirole v Giamboi*, 97 NY2d 147, 151 [2001]; *Alabisi v Bonda*, 262 AD2d 948 [1999]; *McFarlane v Chera*, 211 AD2d 764 [1995]; *Roll v Murphy*, 174 AD2d 1030 [1991]). Furthermore, "[r]egardless of his status as owner of the premises where the injury occurred, [Michael] remains a coemployee in his relations with plaintiff in all matters arising from and connected with their employment" (*Heritage v Van Patten*, 59 NY2d 1017, 1019 [1983]). Thus, plaintiff cannot maintain the instant action against Michael (*see* Workers' Compensation Law § 29 [6]; *Macchirole*, 97 NY2d at 151).

The court erred, however, in granting that part of defendants' motion for summary judgment dismissing the complaint against Marie based on the affirmative defense of Workers' Compensation Law § 29 (6), and denying that part of plaintiff's cross motion for partial summary judgment seeking dismissal of that affirmative defense with respect to Marie. Marie was not an owner or officer of the corporation. Although plaintiff and Marie were both employed by the corporation, "[c]o-employee status alone is insufficient to confer immunity under Workers' Compensation Law § 29 (6)" (*McFarlane*, 211 AD2d at 765). "Coemployee immunity is only justified when the tortfeasor's conduct is within the course of employment" (*Cusano v Staff*, 191 AD2d 918, 919 [1993]). As office manager of the corporation, Marie had no responsibilities for safety precautions at the work site, and thus with respect to Marie as an employee of the corporation, it cannot be said that plaintiff was injured "by the negligence or wrong of another in the same employ" (Workers'

Compensation Law § 29 [6]). Rather, Marie's "duty of care toward plaintiff was owed purely in [Marie's] capacity as owner of the property at the accident site, and not at all as a coemployee" (*Cusano*, 191 AD2d at 920).

Finally, we agree with plaintiff that the court erred in denying that part of his cross motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action against Marie. Plaintiff established that no safety devices were in place to prevent employees from falling through the roof, and defendants failed to raise a triable issue of fact (*see Justyk v Treibacher Schleifmittel Corp.*, 4 AD3d 882, 883 [2004]; *Sergeant v Murphy Family Trust*, 284 AD2d 991 [2001]). We therefore modify the order accordingly.

All concur, Hayes, J., not participating. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.