■ ANTHONY LEE et al., Respondents, v ARNAN DEVELOPMENT CORPORATION, Doing Business as ONEONTA BLOCK COMPANY, Appellant. [909 NYS2d 826]—

---

Cardona, P.J. Appeal from an order of Supreme Court (Coccoma, J.), entered July 27, 2009 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Anthony Lee (hereinafter plaintiff) was hired by Otsego Ready Mix (hereinafter the employer) as a cement truck operator. He asserts that on August 4, 2006, following a delivery to Oneonta Block Company, he began to clean out the truck's chutes in the area where he had previously been directed to do so after completing deliveries to Oneonta. Plaintiff noted that the ground in this area was soft, with quantities of fresh, loose dirt and nonuniform chunks of concrete. According to plaintiff, in the midst of the cleaning process, he descended by ladder from the back of the truck and attempted to step onto the ground. He claims that as he did so, the soil shifted beneath his left foot, which sank approximately six to eight inches into the soft ground. This caused his knee to twist, resulting in injuries. Thereafter, plaintiff filed a workers' compensation claim with the employer and his medical expenses were paid. In March 2008, plaintiff and his wife, derivatively, commenced this action against defendant, doing business as Oneonta, alleging, among other things, negligence. Defendant moved for summary judgment dismissing the complaint and Supreme Court denied the motion, prompting this appeal.

Initially, defendant asserts that it is the alter ego of the employer and, therefore, plaintiffs are barred from recovering because workers' compensation is their exclusive remedy (*see* Workers' Compensation Law § 11). Contrary to defendant's argument, however, the record does not establish that contention. Significantly, "[c]losely associated corporations, even ones that share directors and officers, will not be considered alter egos of each other if they were formed for different purposes, neither is a subsidiary of the other, their finances are not integrated, assets are not commingled, and the principals treat the two entities as separate and distinct" (*Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964, 965 [2003]; *see Armstrong v Foxcroft Nurseries*, 283 AD2d 814, 815 [2001]; *Wernig v Parents & Bros. Two*, 195 AD2d 944, 945-946 [1993]).

Here, it is undisputed that defendant and the employer are owned by the same individual, Robert Harlem, who testified at

his deposition that he is the owner, president and sole officer of five different entities, including the employer and Oneonta. While it appears that each entity may have utilized goods and services from the others at certain times and, for instance, purchased joint workers' compensation coverage, the record shows that the companies were not subsidiaries of one another and were each formed for distinct purposes (*see Buchner v Pines Hotel*, 87 AD2d 691, 692 [1982], *affd* 58 NY2d 1019 [1983]; *see also Allen v Oberdorfer Foundries*, 192 AD2d 1077, 1078 [1993]).* Furthermore, each company maintained its own office space in separate locations and Harlem made clear that the employer's payroll and bank account were separate from the other entities. Nor was there evidence of a joint venture (*see Barker v Menard*, 237 AD2d 839, 841 [1997], *lv denied* 90 NY2d 804 [1997]; *Buchner v Pines Hotel*, 87 AD2d at 692; *Chalmers v Eaton Corp.*, 71 AD2d 721, 722 [1979]). Given this proof, Supreme Court correctly denied summary judgment to defendant on this issue.

Next, defendant argues that Supreme Court erred in failing to grant its motion for summary judgment on the merits. "To demonstrate its entitlement to summary judgment, defendant was 'required to establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*Godfrey v Town of Hurley*, 68 AD3d 1527, 1527 [2009], quoting *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *see Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]; *Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *Mokszki v Pratt*, 13 AD3d 709, 710 [2004]).

This record supports the conclusion that defendant failed to meet its initial burden on this motion. Significantly, Harlem acknowledged that from 1982 to 2005, Oneonta dumped chunks of concrete blocks and bricks that had been broken in the manufacturing process directly onto the ground in the area where plaintiff alleges the accident occurred. Harlem stated that, after dumping of this debris was discontinued, the area was leveled with a bulldozer and, thereafter, finer "aggregate" material was periodically placed on top. Harlem also noted that cement truck drivers were required to wash out the chutes after a delivery was finished, and this procedure would sometimes occur in the subject area. Although Harlem denied actual or

---

* For example, the employer produces and delivers concrete, while Oneonta produces masonry products which happen to utilize concrete from the employer.

constructive notice of any hazard by testifying that he was unaware of any footing problems in the area and received no other complaints regarding injuries, defendant's proof failed to establish, as a matter of law, that it maintained its premises in a reasonably safe condition and did not create a dangerous condition when it designated cement truck clean-out be performed in the same area where cement debris was dumped and covered in with loose fill. Accordingly, summary judgment was properly denied (*see Knapp v Golub Corp.*, 72 AD3d 1260, 1262 [2010]; *Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1265 [2009]).

The remaining arguments raised by defendant have been examined and found to be unpersuasive.

Mercure, Spain, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.