# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1434**
**CA 12-00960**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

DANIEL J. CIAPA, PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

OTTO MISSO, INDIVIDUALLY AND DOING
BUSINESS AS PARTNER'S BAR & PIZZERIA,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

MOSEY PERSICO, LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered November 2, 2011 in a personal injury
action.  The order granted the motion of defendant Otto Misso,
individually and doing business as Partner's Bar & Pizzeria, for leave
to reargue his motion for summary judgment dismissing the complaint
and all cross claims against him and, upon reargument, granted the
summary judgment motion.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he allegedly sustained when he slipped and fell while working
as a "prep man" at a pizzeria located at 395 Shanley Street in
Cheektowaga.  At the time of his accident, plaintiff was employed by
defendant 395 Shanley Corp., which was sued "individually" and doing
business as Partner's Bar & Pizzeria (Shanley Corp.).  Plaintiff also
sued Otto Misso, individually and doing business as Partner's Bar &
Pizzeria (defendant), who was the owner of the real property at 395
Shanley Street and the president and sole shareholder of Shanley Corp.
Plaintiff appeals from an order granting defendant's motion for leave
to reargue his motion for summary judgment dismissing the complaint
and all cross claims against him and, upon reargument, granting the
summary judgment motion.  We affirm.

"As a general rule, when an employee is injured in the course of
. . . employment, [the employee's] sole remedy against his [or her]
employer lies in his [or her] entitlement to a recovery under the
Workers' Compensation Law" (*Billy v Consolidated Mach. Tool Corp.*, 51

NY2d 152, 156, *rearg denied* 52 NY2d 829; *see* Workers' Compensation Law §§ 11, 29 [6]; *Weiner v City of New York*, 19 NY3d 852, 854). Workers' Compensation Law § 11 provides that "[t]he liability of an employer prescribed by the [Workers' Compensation Law] shall be exclusive and in place of any other liability whatsoever, to such employee . . . or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom." Additionally, Workers' Compensation Law § 29 (6) provides that workers' compensation benefits "shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ . . . . "

An employee may not "circumvent[ ] . . . the workers' compensation scheme" by suing his or her employer in a capacity other than that of employer – for example, in the employer's capacity as the owner of the property upon which the accident occurred (*Weiner*, 19 NY3d at 855; *see Billy*, 51 NY2d at 158-160). Thus, "[u]nder Workers' Compensation Law §§ 11 and 29 (6), an employer cannot be held liable as landowner for job-related injuries its employee sustains on its property" (*Diaz v Rosbrock Assoc. Ltd. Partnership*, 298 AD2d 547, 548; *see Weiner*, 19 NY3d at 855; *Billy*, 51 NY2d at 158-160; *O'Connor v Spencer [1997] Inv. Ltd. Partnership*, 2 AD3d 513, 514-515). Moreover, "[t]he protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities which are alter egos of the entity which employs the plaintiff" (*Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 594-595).

As plaintiff correctly concedes, Supreme Court properly granted the motion of Shanley Corp. for summary judgment dismissing the complaint against it. It is undisputed that Shanley Corp. was plaintiff's employer, and plaintiff allegedly was injured in the course of his employment. Thus, Shanley Corp. is shielded from tort liability by the exclusive remedy provisions of the Workers' Compensation Law (*see generally Weiner*, 19 NY3d at 853; *Billy*, 51 NY2d at 156, 158). Plaintiff contends, however, that there is an issue of fact whether defendant is likewise shielded from suit under the Workers' Compensation Law. We reject that contention.

Defendant established his entitlement to judgment as a matter of law based upon the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6) (*see DeJesus v Todaro*, 48 AD3d 341, 343-344; *Melson v Sebastiano*, 32 AD3d 1259, 1260; *Lamm v Lore*, 247 AD2d 878, 878-879). Indeed, defendant established that, as the sole shareholder and president of Shanley Corp., he and Shanley Corp. are in essence the same legal entity, i.e., plaintiff's employer, for purposes of Workers' Compensation Law § 11 (*see Sulecki v City of New York*, 74 AD3d 454, 454-455; *see also Carty v East 175th St. Hous. Dev. Fund Corp.*, 83 AD3d 529, 529; *Diaz*, 298 AD2d at 548; *cf. Palmer v Dezer Props. II*, 270 AD2d 207, 207, *lv denied* 95 NY2d 931). Defendant also established his entitlement to summary judgment dismissing the complaint on the basis of Workers' Compensation Law § 29 (6) (*see Melson*, 32 AD3d at 1260; *Medrano v Pritchard Indus.*, 298 AD2d 271,

272; *Williams v Northrup*, 270 AD2d 806, 807; *Lovario v Vuotto*, 266 AD2d 191, 192; *Kent v Younis*, 265 AD2d 889, 889-890).  It is well established that "a worker . . . who is injured during the course of his [or her] employment, cannot maintain an action to recover damages for personal injuries against the owner of the premises where the accident occurred when the owner is also an officer of the corporation that employed the worker" (*Lovario*, 266 AD2d at 192; *see also Kent*, 265 AD2d at 889-890; *Halstead v Wightman*, 247 AD2d 909, 910; *Kinsman v McGill*, 210 AD2d 659, 659-660; *Roll v Murphy*, 174 AD2d 1030, 1030). Here, as president and sole owner of plaintiff's corporate employer, defendant was "under a duty to plaintiff, as plaintiff's coemployee, to provide plaintiff a safe place to work . . . [and] any duty [defendant] was under to plaintiff by reason of his ownership of the premises upon which plaintiff was allegedly injured is . . . indistinguishable from such duty as he bore plaintiff as his coemployee" (*Medrano*, 298 AD2d at 272; *see Melson*, 32 AD3d at 1260; *Williams*, 270 AD2d at 807; *Concepcion v Diamond*, 224 AD2d 189, 189; *Kinsman*, 210 AD2d at 660).

In opposition to defendant's motion, plaintiff failed to raise a triable issue of fact as to the applicability of the exclusivity provisions of the Workers' Compensation Law (*see Halstead*, 247 AD2d at 910).  Plaintiff submitted the affidavit of a private investigator who averred that defendant told him that plaintiff "was not and never had been [his] employee."  Plaintiff also submitted his own affidavit, in which he averred that he was working for Partner's Bar & Pizzeria at the time of his injury and that the accident occurred when he was carrying a tray of cheese into the pizzeria's walk-in cooler.  Neither of those submissions raises an issue of fact as to the applicability of the exclusivity provisions of the Workers' Compensation Law. Contrary to the contention of plaintiff, the fact that defendant allegedly expressed inconsistent positions concerning plaintiff's employment status does not raise a material issue of fact sufficient to survive defendant's motion.  Both parties acknowledge that Shanley Corp. was plaintiff's employer, and plaintiff offered no evidence contradicting or refuting defendant's statement that he was the president and sole shareholder of Shanley Corp.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court