# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1111**
**CA 16-00588**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

JENNA CLEARY, PLAINTIFF-APPELLANT,

V                                                      MEMORANDUM AND ORDER

WALDEN GALLERIA LLC, ET AL., DEFENDANTS,
AT&T MOBILITY LLC, FORMERLY KNOWN AS CINGULAR
WIRELESS LLC, AND NEW CINGULAR WIRELESS PCS, LLC,
DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

HAVKINS ROSENFELD RITZERT & VARRIALE, LLP, NEW YORK CITY (JARETT L.
WARNER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 25, 2015. The order, insofar as appealed from, granted that part of a motion seeking summary judgment dismissing the complaints and any cross claims against defendants AT&T Mobility LLC, formerly known as Cingular Wireless LLC, and New Cingular Wireless PCS, LLC.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the complaints and any cross claims are reinstated against defendant AT&T Mobility LLC, formerly known as Cingular Wireless LLC, and defendant New Cingular Wireless PCS, LLC.

Memorandum: In these consolidated actions seeking to recover damages for injuries allegedly sustained by plaintiff in lifting an allegedly dangerous or defective security gate at her place of employment, plaintiff appeals from an order insofar as it granted that part of a motion seeking, inter alia, summary judgment dismissing the complaints and any cross claims against AT&T Mobility LLC, formerly known as Cingular Wireless LLC, and New Cingular Wireless PCS, LLC (defendants) on the ground that such claims are barred by the exclusive remedy provisions of Workers' Compensation Law §§ 11 and 29 (6). We conclude that Supreme Court erred in determining as a matter of law that plaintiff's claims against defendants are barred by those provisions. Defendants failed to establish as a matter of law that they were plaintiff's special employers (*see generally Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 357-360; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-560; *VeRost v Mitsubishi Caterpillar Forklift Am., Inc.*, 124 AD3d 1219, 1221, *lv denied* 25 NY3d 968). Moreover,

although it is well settled that the "protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities which are alter egos of the entity which employs the plaintiff" (*Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 594-595; *see Wolfe v Wayne-Dalton Corp.*, 133 AD3d 1281, 1284; *Allen v Oberdorfer Foundries*, 192 AD2d 1077, 1078), defendants failed to establish that they functioned as alter egos of plaintiff's employer.  "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (*Batts v IBEX Constr., LLC*, 112 AD3d 765, 766; *see Samuel*, 75 AD3d at 595).  However, a mere showing that the entities are related is insufficient where, as here, a defendant cannot demonstrate that one of the entities controls the daily operations of the other (*see Samuel*, 75 AD3d at 595).  " '[C]losely associated corporations, even ones that share directors and officers, will not be considered alter egos of each other if they were formed for different purposes, neither is a subsidiary of the other, their finances are not integrated, [their] assets are not commingled, and the principals treat the two entities as separate and distinct' " (*Lee v Arnan Dev. Corp.*, 77 AD3d 1261, 1262).

Turning to the two other grounds for summary judgment raised by defendants in the motion, we note that the court did not address those other grounds, thereby implicitly denying the motion on those other grounds (*see Supensky v State of New York*, 2 AD3d 1436, 1437; *Bald v Westfield Academy & Cent. Sch.*, 298 AD2d 881, 882; *Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864).  Although defendants are not aggrieved by the order and thus could not have cross-appealed herein (*see e.g. Matter of Tehan v Tehan's Catalog Showrooms, Inc.* [appeal No. 2], ___ AD3d ___, ___ [Nov. 10, 2016]), they nonetheless properly raise those grounds as alternative bases for affirmance of the order granting their motion (*see Cox v McCormick Farms, Inc.*, ___ AD3d ___, ___ [Nov. 10, 2016]; *see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546).  We conclude, however, that those alternative grounds lack merit.

"In seeking summary judgment dismissing the complaint [against them], defendant[s] had the initial burden of establishing that [they] did not create the alleged dangerous condition and did not have actual or constructive notice of it" (*Seferagic v Hannaford Bros. Co.*, 115 AD3d 1230, 1230-1231 [internal quotation marks omitted]).  We conclude that defendants did not meet that burden (*see Gabriel v Johnston's L.P. Gas Serv., Inc.*, 143 AD3d 1228, 1230-1231; *Smith v Szpilewski*, 139 AD3d 1342, 1342-1343) and that plaintiff in any event raised a triable issue of fact whether defendants had such actual or constructive notice of the alleged defect (*see Mandzyk v Manor Lanes*, 138 AD3d 1463, 1464-1465).  We further conclude that defendants failed to demonstrate that the allegedly dangerous or defective condition of the gate was not a proximate cause of plaintiff's injuries (*see Smith*,

139 AD3d at 1342-1343; *Mercedes v Menella*, 34 AD3d 655, 656).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court