Buchwald v 1307 Porterville Rd., LLC (2018 NY Slip Op 03006)





Buchwald v 1307 Porterville Rd., LLC


2018 NY Slip Op 03006


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


495 CA 17-01680

[*1]DAVID C. BUCHWALD, PLAINTIFF-APPELLANT,
v
1307 PORTERVILLE ROAD, LLC, DEFENDANT-RESPONDENT. 






GROSS SHUMAN P.C., BUFFALO (KATHERINE M. LIEBNER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF JOHN WALLACE, BUFFALO (ALYSON C. CULLITON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 27, 2017. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he fell from the hayloft of a barn located on property owned by defendant. Plaintiff was employed by Fox Run Horse Farms, LLC (Fox Run), which leased the property from defendant and operated a horse farm business on the property. Defendant moved for summary judgment dismissing the complaint, contending, inter alia, that defendant and Fox Run were alter egos and, as a result, plaintiff's action against defendant was barred by the exclusive remedy provisions of Workers' Compensation Law §§ 11 and 29 (6). Supreme Court granted the motion on that ground, and we now affirm.
"As a general rule, when . . . employee[s are] injured in the course of [their] employment, [their] sole remedy against [their] employer lies in [their] entitlement to a recovery under the Workers' Compensation Law" (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 156 [1980], rearg denied 52 NY2d 829 [1980]; see §§ 11, 29 [6]), and " [t]he protection against lawsuits brought by injured workers . . . also extends to entities which are alter egos of the entity which employs the plaintiff' " (Ciapa v Misso, 103 AD3d 1157, 1159 [4th Dept 2013]; see Cleary v Walden Galleria LLC, 145 AD3d 1524, 1525 [4th Dept 2016]).
" A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity' " (Cleary, 145 AD3d at 1525 [emphasis added]; see Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 619 [2d Dept 2013]). Factors relevant to the determination of that issue include whether the two entities share a common purpose, have integrated or commingled assets, share a tax return, are treated by the owners as a single entity, share the same insurance policy, and share managers or are owned by the same person.
Additional factors include whether the alter ego has any employees, whether the alter ego leases property pursuant to a written lease or pays rent to the plaintiff's employer, and whether one entity pays the bills for the other even if those bills are for the benefit of the nonpaying entity (see e.g. Quizhpe, 103 AD3d at 619; Thomas v Dunkirk Resort Props., LLC, 101 AD3d 1721, 1722 [4th Dept 2012]; Amill v Lawrence Ruben Co., Inc., 100 AD3d 458, 459 [1st Dept 2012]; Carty v East 175th St. Hous. Dev. Fund Corp., 83 AD3d 529, 529 [1st Dept 2011]; Lee v Arnan Dev. Corp., 77 AD3d 1261, 1262-1263 [3d Dept 2010]; Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 595 [2d Dept 2010]; Mertz v Seibel Realty, 265 AD2d 925, 925-926 [4th Dept 1999]; [*2]Richardson v Benoit's Elec., 254 AD2d 798, 799 [4th Dept 1998]).
Here, we conclude that defendant established as a matter of law that it was the alter ego of Fox Run. Defendant and Fox Run were single-member-owned LLCs that were created on the same day "for a single purpose[,] to operate a horse stable business" (see Carty, 83 AD3d at 529; Cappella v Suresky at Hatfield Lane, LLC, 24 Misc 3d 1225[A], 2007 NY Slip Op 52609[U], *3 [Sup Ct, Orange County 2007], affd 55 AD3d 522 [2d Dept 2008]; cf. Wernig v Parents & Bros. Two, 195 AD2d 944, 945 [3d Dept 1993]; but see Richardson, 254 AD2d at 799). Both defendant and Fox Run had the same individual owner (see Di Rie v Automotive Realty Corp., 199 AD2d 98, 98 [1st Dept 1993]), reported their taxes on the same tax return (cf. Salcedo v Demon Trucking, Inc., 146 AD3d 839, 841 [2d Dept 2017]; Thomas, 101 AD3d at 1722; Shelley v Flow Intl. Corp., 283 AD2d 958, 960 [4th Dept 2001], lv dismissed 96 NY2d 937 [2001]), and shared the same insurance policy (see Carty, 83 AD3d at 529; Cappella, 2007 NY Slip Op 52609[U], *3; cf. Salcedo, 146 AD3d at 841; Wernig, 195 AD2d at 945). Defendant had "[n]o separate set of [financial] books" and "no separate accounting or tax reporting" (see Cappella, 2007 NY Slip Op 52609[U], *3; cf. Thomas, 101 AD3d at 1722; Lee, 77 AD3d at 1262-1263; Wernig, 195 AD2d at 945-946).
In addition, defendant had no employees (see Cappella, 2007 NY Slip Op 52609[U], *3) and "was formed solely for the purpose of owning the premises upon which plaintiff's employer . . . operate[d]" its horse farm (id.). Fox Run leased property from no one other than defendant, there was no written lease agreement, and Fox Run did not pay any rent to defendant (see id.). Finally, Fox Run's owner paid defendant's property taxes as well as the operating expenses of the property (see id.; see also Carty, 83 AD3d at 529).
Those facts establish that "defendant, which ha[d] no employees, [was] controlled by the individual that control[led] plaintiff's employer" (Di Rie, 199 AD2d at 98), and that the two entities "functioned as one company" (Carty, 83 AD3d at 529; see Quizhpe, 103 AD3d at 619; cf. Batts v IBEX Constr., LLC, 112 AD3d 765, 767 [2d Dept 2013]). Plaintiff, in opposition to the motion, failed to raise a triable issue of fact (see Quizhpe, 103 AD3d at 619, citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We thus conclude that the court properly granted defendant's motion for summary judgment dismissing the complaint.
We see no need to address defendant's alternative theory in support of affirmance.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court