■ Angela Bruno, Respondent, v Dynamic Enterprises, Inc., Appellant, et al., Defendant.—Judgment unanimously affirmed with costs. Memorandum: In this personal injury action, defendant Dynamic Enterprises, Inc. (Dynamic) appeals from a judgment in favor of plaintiff on the ground that the court erred in failing to grant its motion to dismiss the

.complaint against it. Dynamic contends that it was engaged in a joint venture with a codefendant, Executive Club International, Inc. (ECI), plaintiff's employer, against whom the complaint had been dismissed because of the exclusivity of workers' compensation relief.

An indispensable element of a joint venture is an understanding "to share in the profits of the business *and submit to the burden of making good the losses" (Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317 [emphasis in original], *appeal dismissed* 358 US 39; *see also, Scharf v Crosby,* 120 AD2d 971, 972; *Poppenberg v Reliable Maintenance Corp.,* 89 AD2d 791, 792). Dynamic had the burden of proving by a preponderance of the credible evidence that it and ECI were engaged in a joint venture *(Buchner v Pines Hotel,* 87 AD2d 691, 692, *affd* 58 NY2d 1019). That it failed to do. Indeed, defendant's general counsel testified that defendant and ECI are separate corporate entities, file separate tax returns and do not share income or losses. Clearly, no joint venture existed between Dynamic and ECI, and the court properly dismissed Dynamic's workers' compensation defense as a matter of law.

We have examined defendant's remaining arguments and find them to be without merit. (Appeal from judgment of Supreme Court, Niagara County, Mintz, J.—negligence.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.