■ STEPHEN J. BERNARDO et al., Appellants, v MELVILLE INDUSTRIAL ASSOCIATES, Respondent.—In an action to recover damages for personal injuries, etc., based, *inter alia,* on a violation of Labor Law § 240 (1), the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), entered March 22, 1988, as denied those branches of their motion which were for partial summary judgment on the issue of liability under Labor Law § 240 (1) and on the affirmative defense of the Workers' Compensation Law.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and for dismissal of the second affirmative defense of the Workers' Compensation Law asserted in the defendant's answer are granted.

The plaintiff, Stephen J. Bernardo, was injured on March 10, 1986, when he allegedly fell from a defective ladder supplied to him by the defendant Melville Industrial Associates (hereinafter Melville), a copartnership, while he was doing work on property owned by Melville. The plaintiffs commenced the instant action against Melville to recover for personal injuries suffered in the fall, based, *inter alia,* on an alleged violation of Labor Law § 240 (1). Labor Law § 240 (1) mandates that an owner supply safety devices, including

ladders, necessary to provide a worker with proper protection, and imposes absolute liability for injuries proximately caused by the failure to do so *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513).

Contrary to the determination of the Supreme Court, the plaintiffs' moving papers, including the affidavit of Jeanne Gurriell, a disinterested witness, "set forth evidentiary facts showing a prima facie violation of Labor Law § 240 (1) and thus established, initially, plaintiff's entitlement to summary judgment" against Melville *(Alston v Golub Corp.,* 129 AD2d 916, 917). In opposition to the plaintiffs' motion, the defendant Melville was obligated to, but did not, come forward with evidentiary proof in admissible form to establish the existence of a triable issue of fact or an acceptable excuse for its failure to do so *(Zuckerman v City of New York,* 49 NY2d 557, 560). With respect to the second affirmative defense, i.e., that of workers' compensation, the defendant Melville argued that the injured plaintiff was in its employ at the time of the accident and therefore his exclusive remedy was a claim under the Workers' Compensation Law. The Supreme Court held that an issue of fact existed on this record as to whether the injured plaintiff was employed by Melville at the time of the accident. We disagree with the determination of the Supreme Court on this issue.

The record, including the documentary evidence submitted, clearly established that, at the time of the accident, the injured plaintiff was employed solely by Dachlar Management Corporation, a separate legal entity from Melville. Although Melville was instrumental in forming Dachlar Management and is the sole shareholder thereof, these facts are insufficient to shield Melville from tort liability *(Samaras v Gatx Leasing Corp.,* 75 AD2d 890; *Thomas v Maigo Corp.,* 37 AD2d 754). Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.