■ WILLIAM CASAS, Respondent, v 559 WARREN STREET REALTY CORP., Appellant. (And a Third-Party Action.) WILLIAM CASAS, Respondent, v 95 BERGEN STREET REALTY, Appellant. (And a Third-Party Action.) [622 NYS2d 105] —In two related actions to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Garry, J.), dated June 2, 1993, which denied the defendants' motion for summary judgment dismissing the plaintiff's two complaints and granted the plaintiff's cross motion to strike the defendants' affirmative defenses of Workers' Compensation.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of Lone Star Construction Corp. (hereinafter Lone Star), was injured twice, while working at 559 Warren Street in Brooklyn and while working at 95 Bergen Street in Brooklyn. He collected Workers' Compensation benefits from his employer and then commenced a personal injury action against 559 Warren Street Realty Corp.,

the owner of the premises at 559 Warren Street, and another action against 95 Bergen Street Realty Corp., the owner of the premises at 95 Bergen Street (hereinafter the corporate defendants). Jonathan Harrison Holman was an officer, director, and the sole shareholder of Lone Star and was the sole shareholder of one of the corporate defendants and a principal shareholder of the other. The corporate defendants moved for summary judgment dismissing the actions on the ground that recovery was barred by the Workers' Compensation Law and the plaintiff cross-moved to strike the corporate defendants' Workers' Compensation defenses. The Supreme Court denied the motion and granted the cross motion.

Unlike the situations presented in *Coppola v Singer* (211 AD2d 744 [decided herewith]) and *Lapinski v Gusmar Realty* (211 AD2d 764 [decided herewith]), the record in this case establishes that the plaintiff was employed solely by Lone Star and that the corporate defendants were separate legal entities from Lone Star and could not be considered the co-employees of the plaintiff. Accordingly, the plaintiff's receipt of Workers' Compensation benefits does not shield the corporate defendants from potential tort liability *(see, Bernardo v Melville Indus. Assocs.,* 148 AD2d 486; *Bruno v Dynamic Enters.,* 132 AD2d 964), inasmuch as they are distinct corporate entities unrelated to the plaintiff's employer. Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.