■ JOHN MATTARELLIANO et al., Respondents, v MOISH GAS STATIONS, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant and Third-Party Plaintiff. DEVITO INDUSTRIES, INC., Third-Party Defendant-Appellant. [664 NYS2d 935] —In an action to recover damages for personal injuries, etc., (1) the third-party defendant DeVito Industries, Inc., appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated June 10, 1996, as denied its cross motion for summary judgment dismissing the complaint or for judgment in favor of all of the defendants, and (2) the defendants third-party plaintiffs Moish Gas Stations, Inc., and Chuck Realty Corp. separately appeal from so much of the same order as denied those branches of their cross motion which were to dismiss the complaint insofar as asserted against Chuck Realty Corp. and for summary judgment in favor of Moish Gas Stations, Inc. upon its affirmative defense pursuant to the Workers' Compensation Law.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the cross motion of the defendant Chuck Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is af-

firmed, insofar as appealed and cross-appealed from, with one bill of costs to the respondents.

The defendant Chuck Realty Corp. (hereinafter Chuck) made a prima facie showing of entitlement to summary judgment and, contrary to the conclusion reached by the court, no triable issue of fact was raised that Chuck held any interest in the premises such as would render it liable for the injuries sustained by the plaintiff Joseph Mattarelliano (see, Zuckerman v City of New York, 49 NY2d 557, 562-563; CPLR 3212 [b]). Accordingly, summary judgment dismissing the complaint insofar as asserted against Chuck should have been granted.

However, we reject the claim that the action should have been dismissed insofar as asserted against the defendant Moish Gas Stations, Inc., as a matter of law. There is no basis here for disregarding the fact that the employer and the landowner are distinct legal entities (see, Rosenburg v Angiuli Buick, 220 AD2d 654, 655; Casas v 559 Warren St. Realty Corp., 211 AD2d 742, 743) and we do not find that Moish Gas Stations, Inc., may be deemed an alter ego of DeVito Industries, Inc. (see, Donatin v Sea Crest Trading Co., 181 AD2d 654, 655). Miller, J. P., Florio, McGinity and Luciano, JJ., concur.