■ Deborah A. Richardson et al., Respondents, v Benoit's Electric, Inc., et al., Defendants, and Woodstream Holding Corp., Appellant. [677 NYS2d 855] —Order unanimously affirmed

with costs. Memorandum: Supreme Court properly granted that part of plaintiffs' motion seeking to strike the fifth affirmative defense of defendant Woodstream Holding Corp. (Woodstream), which is based upon the exclusivity provisions of the Workers' Compensation Law, and denied Woodstream's cross motion for summary judgment based on that defense. Woodstream failed to meet its burden of establishing that defense as a matter of law (see, Russell v Gaines, 209 AD2d 939, 939-940; Williams v Forbes, 175 AD2d 125, 126). Deborah A. Richardson (plaintiff) worked as a waitress at a restaurant operated by Crossroads Inn, Inc., doing business as Buffalo Head Hotel (Crossroads). After her accident, plaintiff received workers' compensation benefits from Crossroads. She then sued Woodstream, the owner of the real property on which the restaurant was located, alleging negligence and Labor Law violations. At the time of the incident, Harold and Constance Jenkins owned all of the stock of both Woodstream and Crossroads. The Jenkins were employees of Crossroads, whereas Woodstream had no employees.

Woodstream contends that it was formed solely for the purpose of holding title to the real property, which was leased from it by Crossroads, and thus that it also should be deemed plaintiff's employer. We disagree.

The Jenkins operated Woodstream as a separate corporate entity, with records and functions separate from Crossroads. When an employer and the owner of the premises where a plaintiff is injured are distinct legal entities, there is no basis to dismiss an action against the landowner based on the exclusivity provisions of the Workers' Compensation Law (see, e.g., Rosenburg v Angiuli Buick, 220 AD2d 654, 655; Casas v 559 Warren St. Realty Corp., 211 AD2d 742, 743). Here, as in Buchner v Pines Hotel (87 AD2d 691, 692, affd 58 NY2d 1019), "[t]he individual principals in this business enterprise, for their own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure they created should not lightly be ignored at their behest, in order to shield one of the entities they created from * * * common-law tort liability."

Woodstream's reliance on Heritage v Van Patten (59 NY2d 1017) is misplaced; here, the owner of the real estate is a corporation and not a coemployee of plaintiff (see, Workers' Compensation Law § 29 [6]; see also, Thomas v Maigo Corp., 37 AD2d 754). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.