■ VINCENT ALABISI et al., Respondents, v CHARLES BONDA, Doing Business as LINCOLN SCHOOL ASSOCIATES, Appellant. [692 NYS2d 557] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Vincent Alabisi (plaintiff), a laborer employed by Bonn Electric Construction, Inc. (Bonn Electric), was injured in a fall while working at Lincoln School Apartments, owned by defendant, Charles Bonda, d/b/a Lincoln School Associates (Bonda). Bonda was also the sole shareholder and president of Bonn Electric. Plaintiffs sued Bonda as property owner for negligence and Labor Law violations. Bonda moved for summary judgment dismissing the complaint on the ground that, because he was plaintiff's coemployee at Bonn Electric, Workers' Compensation Law § 29 (6) bars this action. Supreme Court erred in denying the motion (*see, Heritage v Van Patten,* 59 NY2d 1017). Bonda had "indistinguishable responsibilities, as an executive employee [of plaintiff's employer] and as a property owner, for safety precautions to avoid the plaintiff's injury" (*Cusano v Staff,* 191 AD2d 918, 920). Thus, Workers' Compensation Law § 29 (6) "makes compensation the exclusive remedy of [plaintiff, who was] injured 'by the negligence or wrong of another in the same employ'" (*Heritage v Van Patten, supra,* at 1019). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.