■ MARK N. MERTZ et al., Respondents, v SEIBEL REALTY, INC., Appellant, and NIAGARA MACHINE AND TOOL WORKS, Respondent. [696 NYS2d 598] —Order unanimously affirmed with costs. Memorandum: Mark N. Mertz (plaintiff), who was employed by Seibel Modern Manufacturing & Welding Corp., was injured when he slipped and fell in a puddle of water that had accumulated on the floor of a factory owned by Seibel Realty, Inc. (defendant) and leased to plaintiff's employer. Plaintiff and his wife commenced this negligence action, alleging, *inter alia*, that defendant had actual notice of a leak in the roof that created a hazardous condition. Defendant moved for summary judgment dismissing the complaint against it on the ground that the two corporations were alter egos or were engaged in a joint venture and thus that Workers' Compensation Law § 11 barred the action. Supreme Court properly denied the motion.

In order for two corporations to constitute alter egos, "there

must be direct intervention by the parent in the management of the subsidiary to such an extent that 'the subsidiary's paraphernalia of incorporation, directors and officers' are completely ignored" (*Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163, *rearg denied* 52 NY2d 829, quoting *Lowendahl v Baltimore & Ohio R. R. Co.,* 247 App Div 144, 155, *affd* 272 NY 360). "An indispensible element of a joint venture is an understanding 'to share in the profits of the business *and submit to the burden of making good the losses'* " (*Bruno v Dynamic Enters.,* 132 AD2d 964, 965 [emphasis in original]). Defendant failed to establish as a matter of law that the two corporations were either alter egos or engaged in a joint venture. Contrary to defendant's contention, it is not dispositive that the two corporations have the same officers and directors and that one is the landlord of the other. " '[T]he individual principals in this business enterprise, for their own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure they created should not lightly be ignored at their behest, in order to shield one of the entities they created from * * * common-law tort liability' " (*Richardson v Benoit's Elec.,* 254 AD2d 798, 799). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.