■ DENNIS M. VIRGA et al., Respondents, v MEDI-TECH INTERNATIONAL CORPORATION, Appellant. [745 NYS2d 704] —In an action to recover damages for personal injuries, etc., the de-

fendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated January 9, 2002, which denied its motion for summary judgment dismissing the complaint as barred by the exclusivity provisions of the Workers' Compensation Law and, upon searching the record, granted the plaintiffs summary judgment striking that affirmative defense.

Ordered that the order is affirmed, with costs.

On the record presented, there is no basis for disregarding the evidence demonstrating that the injured plaintiff's employer and the owner of the property where the injury occurred are distinct legal entities (compare Macchirole v Giamboi, 97 NY2d 147; Heritage v Van Patten, 59 NY2d 1017; Cipriano v FYM Assoc., 117 AD2d 770, with Mattarelliano v Moish Gas Stas., 242 AD2d 685; Rosenburg v Angiuli Buick, 220 AD2d 654; Casas v 559 Warren St. Realty Corp., 211 AD2d 742; Kaplan v Bayley Seton Hosp., 201 AD2d 461; Bernardo v Melville Indus. Assoc., 148 AD2d 486). Thus, the Supreme Court properly searched the record and granted the plaintiffs summary judgment striking the affirmative defense based on the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law § 29 [6]). Prudenti, P.J., Ritter, Friedmann and McGinity, JJ., concur.