DOMINIC LAUDISIO et al., Appellants, v DIAMOND "D" CONSTRUCTION CORPORATION, Respondent. [765 NYS2d 720] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered July 23, 2002, which granted defendant's motion for summary judgment dismissing the common-law negligence cause of action and the Labor Law § 200 claim and denied plaintiffs' cross motion to strike the Workers' Compensation Law affirmative defense.

It is hereby ordered that the order so appealed from be and

the same hereby is reversed on the law without costs, the motion is denied, the common-law negligence cause of action and Labor Law § 200 claim are reinstated, the cross motion is granted and the Workers' Compensation Law affirmative defense is stricken.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Dominic Laudisio (plaintiff) when he attempted to lift a drainage intake frame and cover onto a truck. Plaintiffs assert, inter alia, causes of action for common-law negligence and various Labor Law violations against defendant, the owner of the property where the accident occurred and also the general contractor on the project. Plaintiff was employed by Four Angels Construction Corp. (Four Angels) at the time of the accident. Both defendant and Four Angels are owned by Joseph DiPizio. In their complaint, plaintiffs allege, inter alia, that defendant was negligent in failing to provide a safe place to work, failing to provide adequate and proper lifting and hoisting equipment, and instructing plaintiff to accomplish a task that was unsafe and dangerous. Defendant moved for summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claim based on the exclusivity provisions of the Workers' Compensation Law. Plaintiffs cross-moved to strike the Workers' Compensation Law affirmative defense.

Supreme Court erred in granting defendant's motion and denying plaintiffs' cross motion. Workers' Compensation Law § 29 (6) provides that workers' compensation is the exclusive remedy for an employee injured "by the negligence or wrong of another in the same employ * * *." Defendant, however, concedes that it is a separate and distinct corporation from Four Angels. Where, as here, "an employer and the owner of the premises where a plaintiff is injured are distinct legal entities, there is no basis to dismiss an action against the landowner based on the exclusivity provisions of the Workers' Compensation Law" (*Richardson v Benoit's Elec.*, 254 AD2d 798, 799 [1998]).

Defendant contends that, because plaintiffs cannot maintain an action against DiPizio individually for his negligently spoken words inasmuch as he is a coemployee of plaintiff, plaintiffs cannot maintain this action against defendant because the liability of defendant is based solely on its vicarious liability for DiPizio's conduct. We disagree. Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work. An implicit precondition to

this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *see Miller v Wilmorite, Inc.,* 231 AD2d 843 [1996]). In this case, plaintiffs submitted evidence that defendant, as both the owner and general contractor, exercised supervisory control over the operation (*cf. Comes,* 82 NY2d at 877). Regardless of whether the negligence of defendant is characterized as vicarious or direct, the fact remains that it is not plaintiff's coemployee, and thus defendant's reliance on *Heritage v Van Patten* (59 NY2d 1017, 1019 [1983]) is misplaced. DiPizio, as " '[t]he individual principal[ ] in this business enterprise, for [his] own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure [he] created should not lightly be ignored at [his] behest, in order to shield one of the entities [he] created from * * * common-law tort liability' " (*Richardson,* 254 AD2d at 799; *see Rodriguez v Margaret Tietz Ctr. for Nursing Care,* 197 AD2d 565, 566-567 [1993]). The proof submitted by defendant in support of its motion fails to establish its entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

All concur except Hurlbutt, J., who dissents in part and votes to modify in accordance with the following memorandum.

Hurlbutt, J. (dissenting). I respectfully dissent in part. I agree with the majority that Supreme Court erred in granting defendant's motion for summary judgment but, in my view, the court properly denied plaintiffs' cross motion to strike the affirmative defense that the action is barred by the exclusivity provisions of Workers' Compensation Law § 29 (6). Under well-established precedent, if Joseph DiPizio, the sole principal of plaintiff's employer, Four Angels Construction Corp., was himself the property owner or general contractor, any action by plaintiffs against DiPizio would be barred by the mandate of section 29 (6) that workers' compensation benefits "shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in the same employ" (*see Macchirole v Giamboi,* 97 NY2d 147, 150-151 [2001]; *Heritage v Van Patten,* 59 NY2d 1017, 1019 [1983]; *Stephan v Stein,* 226 AD2d 364 [1996]). In *Alabisi v Bonda* (262 AD2d 948 [1999]), we granted the defendant's motion for summary judgment dismissing the complaint based on the exclusivity provisions of the Workers' Compensation Law. The defendant in *Alabisi* was the owner and president of the plaintiff worker's corporate employer as well as the owner of

the premises where the plaintiff worker was injured, and we granted the motion on the ground that the defendant "had 'indistinguishable responsibilities, as an executive employee * * * and as a property owner, for safety precautions to avoid the plaintiff's injury'" (*id.* at 948, quoting *Cusano v Staff*, 191 AD2d 918, 920 [1993]). Here, DiPizio's responsibilities for the safety of Dominic Laudisio (plaintiff) as a principal of plaintiff's employer and as a principal of defendant, the owner and general contractor, were likewise indistinguishable.

I disagree with the majority that, because DiPizio's corporation rather than DiPizio himself is the owner and general contractor, the exclusivity bar of section 29 (6) does not apply. In my view, the statute bars plaintiffs' action to the extent that defendant's liability is vicariously derived from DiPizio's conduct (*see Dittert v Oak Tree Farm Dairy*, 249 AD2d 355, 356 [1998]; *see also Heritage*, 59 NY2d at 1019; *Naso v Lafata*, 4 NY2d 585, 589-590 [1958], *rearg denied* 5 NY2d 861 [1958]; *Rose v Gelco Corp.*, 261 AD2d 381, 382 [1999]). Our decision in *Richardson v Benoit's Elec.* (254 AD2d 798 [1998]) is not to the contrary. In *Richardson*, the plaintiff worker, an employee of a restaurant operated by Crossroads Inn, Inc., doing business as Buffalo Head Hotel (Crossroads), brought a negligence and Labor Law action against defendant Woodstream Holding Corp. (Woodstream), the owner of the premises, seeking recovery for injuries she sustained in the course of her employment. Woodstream interposed the exclusivity provisions of section 29 (6) as an affirmative defense. In concluding that Supreme Court properly granted that part of plaintiffs' motion seeking to strike that affirmative defense, we noted our disagreement with the contention of Woodstream "that it was formed solely for the purpose of holding title to the real property, which was leased from it by Crossroads, and thus that it also should be deemed plaintiff's employer" (*Richardson*, 254 AD2d at 799). No one contended in *Richardson*, as defendant contends herein, that plaintiff's injury was caused by the negligence of a coemployee who was also an employee of the defendant corporation.

While I disagree with the majority that plaintiff is entitled to judgment as a matter of law striking the section 29 (6) affirmative defense, I agree that defendant is not entitled to judgment dismissing the complaint as a matter of law, inasmuch as there are issues of fact whether defendant's potential liability is predicated solely on the conduct of DiPizio. I would thus modify the order by denying defendant's motion, and I would remit the matter to Supreme Court, Erie County, to determine

whether there is any basis for liability against defendant independent of the conduct of DiPizio. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.