■ PATRICK O'CONNOR et al., Respondents, v SPENCER (1997) INVESTMENT LTD. PARTNERSHIP et al., Appellants, and GTI HARBOR & TRUCKING & RIGGING, INC., et al., Respondents, et al., Defendants. [769 NYS2d 276]—

In an action to recover damages for personal injuries, etc., the defendants Spencer (1997) Investment Ltd. Partnership and Spencer Realty, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated September 18, 2002, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them based on the exclusivity provisions of the Workers' Compensation Law and struck their affirmative defense pursuant to that

law and as denied those branches of their motion which were otherwise for summary judgment dismissing the causes of action to recover damages based on common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were to dismiss the causes of action based on violations of Labor Law § 200 and common-law negligence, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Patrick O'Connor was injured when he fell from a six-feet-tall Baker scaffold while performing demolition work. According to the injured plaintiff, the accident occurred when an unidentified object struck the scaffold very hard, and he was thrown up in the air. At the time of the accident, the plaintiff was employed by the defendant GTI Harbor & Trucking & Rigging, Inc. (hereinafter GTI). The injured plaintiff and his wife subsequently commenced this action against several parties, including the appellants, Spencer (1997) Investment Ltd. Partnership, which owned the premises where the accident took place, and its general partner, Spencer Realty, Inc., alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), and common-law negligence. The appellants thereafter moved for summary judgment, arguing that the plaintiffs' claims were barred by the exclusivity provisions of the Workers' Compensation Law because the president and sole shareholder of GTI was also the president and sole shareholder of Spencer Realty, Inc., the property owner's general partner. In the alternative, the appellants contended that they could not be held liable under Labor Law § 240 (1) because the injured plaintiff's fall was not a "gravity-related" accident, that the plaintiffs failed to allege the violation of a specific safety regulation necessary to support a Labor Law § 241 (6) claim, and that the Labor Law § 200 and common-law negligence claims should have been dismissed because they did not supervise or control the injured plaintiff's work. The Supreme Court denied the appellants' motion in its entirety, and struck their affirmative defense predicated upon the Workers' Compensation Law.

Contrary to the appellants' contention, the Supreme Court properly concluded that the action was not barred by the Workers' Compensation Law. Pursuant to Workers' Compensation Law §§ 11 and 29 (6), an employer cannot be held liable in its capacity as landowner for injuries an employee sustains on its

property (*see Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 158-159 [1980]; *Diaz v Rosbrock Assoc. Ltd. Partnership,* 298 AD2d 547 [2002]). Here, however, none of the appellant property owner's partners are officers of the injured plaintiff's corporate employer, and the partnership and corporate employer are distinct legal entities. Under these circumstances, there was no basis to dismiss the action against the appellants based upon the exclusivity provisions of the Workers' Compensation Law (*see Laudisio v Diamond "D" Constr. Corp.,* 309 AD2d 1178 [2003]; *Virga v Medi-Tech Intl. Corp.,* 296 AD2d 546 [2002]; *Blumberg v Ten Washington Realty Assoc.,* 262 AD2d 592 [1999]; *Richardson v Benoit's Elec.,* 254 AD2d 798 [1998]; *Mattarelliano v Moish Gas Stas.,* 242 AD2d 685 [1997]).

Furthermore, since the injured plaintiff allegedly fell from a six-feet-tall Baker scaffold, he suffered a "gravity-related" accident within the meaning of Labor Law § 240 (1), which applies to both "falling worker" and "falling object" cases (*see Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 267 [2001]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [1993]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) claim.

The Supreme Court also properly denied that branch of the appellants' motion which was for summary judgment dismissing the plaintiffs' Labor Law § 241 (6) claim. The alleged violations of 12 NYCRR 23-5.1 (b), (c) (1) and (2) were sufficient to sustain a cause of action pursuant to Labor Law § 241 (6) because they set forth specific, rather than general, safety standards (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 878 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co., supra*).

However, the appellants were entitled to summary judgment dismissing the claims based upon common-law negligence and Labor Law § 200, which codifies the common-law duty of an owner or employer to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp., supra* at 877). Although the construction manager who exercised general supervisory authority at the work site may have been employed by the appellants, this was insufficient to demonstrate that the appellants exercised the level of supervision and control over the injured plaintiff's work necessary to impose liability under Labor Law § 200 (*see Dennis v City of New York,* 304 AD2d 611 [2003]; *Alexandre v City of New York,* 300 AD2d 263 [2002]; *Hoelle v New York Equities Co.,* 258 AD2d 253 [1999]; *Martin v Paisner,* 253 AD2d 798 [1998]). S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.