■ DEBRA MASLEY, Respondent, v HERLEW REALTY CORP. et al., Appellants. [846 NYS2d 252]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered November 6, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the action is barred by the exclusivity provisions of the Workers' Compensation Law.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, since the defendants failed to establish as a matter of law that the plaintiff's action against them was barred by her receipt of workers' compensation benefits from her employer. In this regard, the defendants came forward with no evidence to suggest the existence of either a joint venture or an alter-ego relationship between them and the plaintiff's employer (*see e.g. Vita v New York Waste Servs., LLC*, 34 AD3d 559 [2006]; *Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964 [2003]; *Mertz v Seibel Realty*, 265 AD2d 925 [1999]; *Rosenburg v Angiuli Buick*, 220 AD2d 654 [1995]; *Kaplan v Bayley Seton Hosp.*, 201 AD2d 461 [1994]).

Furthermore, the contention of the defendant Herlew, LLC (hereinafter the LLC) that it is a coemployee of the plaintiff and therefore entitled to the workers' compensation defense (*see* Workers' Compensation Law § 29 [6]) is without merit. The LLC, which owns the property where the plaintiff was injured, is not an officer of the corporation which employed the plaintiff; hence, it is not a fellow employee of the plaintiff (*see O'Connor v Spencer [1997] Inv. Ltd. Partnership*, 2 AD3d 513 [2003]; *Virga v Medi-Tech Intl. Corp.*, 296 AD2d 546 [2002]; *Richardson v Benoit's Elec.*, 254 AD2d 798 [1998]; *Casas v 559 Warren St. Realty Corp.*, 211 AD2d 742 [1995]).

The defendants' remaining arguments are either improperly raised for the first time on appeal, or without merit. Prudenti, P.J., Spolzino, Fisher and Dillon, JJ., concur.