*408 In an action, inter alia, to recover damages for personal injuries, the defendants Judlau Contracting, Inc., Thomas Iovino, and Judith Iovino appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 2, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
The plaintiff Hugo Cañete (hereinafter the plaintiff) fell from a ladder while performing work at the home of the defendants Thomas Iovino and Judith Iovino (hereinafter together the Iovinos). The plaintiff and his wife Maria Cañete, who asserted a derivative claim, commenced this action against, among others, the Iovinos and Judlau Contracting, Inc. (hereinafter Judlau), a construction company of which Thomas Iovino is the chief executive officer and from which the plaintiff received his paycheck. The Iovinos and Judlau (hereinafter collectively the appellants) moved for summary judgment dismissing the complaint insofar as asserted against them. The appellants contend that (1) the claims against the Iovinos were barred by Workers’ Compensation Law § 11 because the plaintiff was employed by the Iovinos and the Iovinos maintained a workers’ compensation insurance policy covering him, (2) the claims against Judlau must be dismissed because Judlau was merely the Iovinos’ “pay agent” and had no involvement with the circumstances giving rise to the accident, and (3) the plaintiffs’ Labor Law § 240 (1) and § 241 (6) causes of action must be dismissed because the accident occurred at the Iovinos’ private home while the plaintiff was working as a domestic employee.
The Supreme Court properly denied the appellants’ motion. The appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law regarding their contention that the Iovinos, as opposed to Judlau, was the plaintiff’s employer (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). While the appellants submitted an affidavit of Thomas Iovino stating that the Iovinos personally employed the plaintiff as a caretaker of their home and merely paid him “through [Judlau] as a pay agent,” the plaintiffs W-2 forms, also submitted by the appellants, list Judlau as the plaintiffs “employer.” Since Judlau is a legal entity distinct from the Iovinos, the Iovinos, as landowners, would not be exempted from tort liability by the exclusivity provisions of the Workers’ Compensa *409 tion Law if it is determined that Judian was the plaintiff’s employer (see Masley v Herlew Realty Corp., 45 AD3d 653, 654 [2007]; Richardson v Benoit’s Elec., 254 AD2d 798, 799 [1998]; Casas v 559 Warren St. Realty Corp., 211 AD2d 742, 743 [1995]). Inasmuch as the appellants failed to submit any evidence regarding what type of work the plaintiff was performing at the time he fell from the ladder, the appellants also failed to make a prima facie showing with respect to the Labor Law § 240 (1) and § 241 (6) causes of action (see Joblon v Solow, 91 NY2d 457, 465-466 [1998]). Spolzino, J.P., Ritter, Santucci and Garni, JJ., concur.