■ JOSEPH HARACZ, Respondent, v CEE JAY, INC., Appellant, and ADELPHI CONTRACTORS, INC., Respondent. [902 NYS2d 429]—

In an action to recover damages for personal injuries, the defendant Cee Jay, Inc., appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 13, 2009, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, an auto mechanic, allegedly slipped and fell on a wet floor in the garage of his employer's automotive repair shop. The premises were owned by the defendant Cee Jay, Inc. (hereinafter Cee Jay), and were leased by the plaintiff's employer, Blue Chip Automotive (hereinafter Blue Chip). Following the accident, the plaintiff applied for and received benefits under the Workers' Compensation Law from Blue Chip, and then commenced this action to recover damages for personal injuries against Cee Jay and Adelphi Contractors, Inc., a contractor hired by Cee Jay to repair a recurrent leaking condition of the roof.

The Supreme Court properly denied Cee Jay's motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the action is barred by the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law § 11). Cee Jay failed to submit sufficient evidentiary proof to establish that it was an alter ego of, or engaged in a joint venture with, Blue Chip (*see Degale-Selier v Preferred Mgt. & Leasing Corp.*, 57 AD3d 825, 826 [2008]; *Masley v Herlew Realty Corp.*, 45 AD3d 653, 654 [2007]; *Long-*

*shore v Davis Sys. of Capital Dist.*, 304 AD2d 964, 965 [2003]). Moreover, the record established that the plaintiff was employed solely by Blue Chip and that Cee Jay was a separate legal entity from Blue Chip, and could not be considered the coemployee of the plaintiff (*see* Workers' Compensation Law § 29 [6]; *Masley v Herlew Realty Corp.*, 45 AD3d at 654; *O'Connor v Spencer [1997] Inv. Ltd. Partnership*, 2 AD3d 513, 514-515 [2003]; *Virga v Medi-Tech Intl. Corp.*, 296 AD2d 546, 547 [2002]; *Richardson v Benoit's Elec.*, 254 AD2d 798, 799 [1998]; *Casas v 559 Warren St. Realty Corp.*, 211 AD2d 742, 743 [1995]).

Cee Jay's remaining contention is not properly before this Court. Rivera, J.P., Covello, Balkin and Hall, JJ., concur.