■ ANTHONY RUSSO, Appellant-Respondent, v ADALBERT HILMAN et al., Respondents and Third-Party Plaintiffs-Appellants. JOSEPH DiGIGLIO, Doing Business as JOSEPH ROOFING, Third-Party Defendant-Respondent-Appellant.—In an action

to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated January 6, 1988, as denied his motion for summary judgment on the issue of liability, (2) the defendants and third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment against the third-party defendant for complete indemnification should the plaintiff prevail against them, and (3) the third-party defendant cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment dismissing the plaintiff's complaint.

Ordered that the order is affirmed, without costs or disbursements, for reasons stated by Justice Vaccaro in his memorandum decision dated January 6, 1988 (see also, Golaszewski v Cadman Plaza N., 136 AD2d 596).

We note that the third-party defendant employer's claim, that the defendant owners of the property upon which the plaintiff employee was injured as a result, inter alia, of alleged violations of Labor Law § 240 are not entitled to indemnification by him on the theory that such an award would contravene the policies and provisions of the Workers' Compensation Law, is entirely without merit. The right of recovery from an owner of property predicated on the liability imposed by the Labor Law for a failure to provide safety devices for use by workers is in no way affected by the Workers' Compensation Law in the absence of an employer/ employee or coemployee/employee relationship (see, Lindner v Kew Realty Co., 113 AD2d 36), and it follows that an owner should not be precluded from seeking indemnification against an employer by virtue of the Workers' Compensation Law. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.