■ Robert Iannielli, Respondent, v Nathan L. Serota, Defendant and Third-Party Plaintiff-Respondent. Kurtz Steel Erectors, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), dated May 2, 1988, as awarded judgment in favor of the third-party plaintiff and against it, and, upon a jury verdict, awarded the plaintiff the principal amount of $150,000 for past and future pain, suffering and disability.

Ordered that the judgment is affirmed insofar as appealed from, with costs payable to the plaintiff.

The third-party defendant employer claims that the defendant, the general contractor on the construction site where the plaintiff employee was injured as a result of alleged violations of Labor Law § 240, was not entitled to indemnification by it on the theory that such an award would contravene the policies and provisions of the Workers' Compensation Law. We disagree. An employee's right of recovery against a general contractor predicated on the liability imposed by Labor Law § 240 is in no way affected by the Workers' Compensation Law, absent an employer-employee or coemployee-employee relationship *(see, Russo v Hilman,* 146 AD2d 690, 691; *Lindner v Kew Realty Co.,* 113 AD2d 36). It therefore follows that a general contractor should not be precluded from seeking indemnification against an employer by virtue of the Workers' Compensation Law *(see, Russo v Hilman, supra).* Finally, we find that the award of $50,000 for past pain, suffering and disability, and $100,000 for future pain, suffering and disability was not excessive *(see, Stern v Calzado,* 163 AD2d 299; *Rivera v City of New York,* 160 AD2d 985). Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.