■ Jose Concepcion, Appellant, v David Diamond, Respondent. [637 NYS2d 135] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 19, 1995, which, *inter alia* granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

As the president of the corporation that managed the apartment building where plaintiff fell and employed him as a porter, defendant owed plaintiff a duty of implementing the measures that would satisfy the duty that defendant owed plaintiff, as owner of the building, of providing a safe place to work. Defendant's duty toward plaintiff as a coemployee being indistinguishable from his duty toward him as a property owner, the action is barred by the exclusivity provision for co-employees in Workers' Compensation Law § 29 (6) (*Heritage v Van Patten*, 59 NY2d 1017; *compare, Cusano v Staff*, 191 AD2d 918 [defendant not immune from suit where his control over

the accident site was only as the owner of the property, and not at all as the plaintiff's coemployee]). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.