■ CARLOS GONZALEZ et al., Respondents, v RHQ ASSOCIATES, Appellant. (And a Third-Party Action.) [693 NYS2d 580] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered May 28, 1998, which granted plaintiffs' motion to restore this case to the trial calendar and which denied RHQ Associates' and third-party defendant Kingsbridge Mechanical Corp.'s cross-motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the cross-motions granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff Carlos Gonzalez, a building superintendent in the employ of third-party defendant Kingsbridge Mechanical Corp., was injured in a fall from a ladder while working at an apartment building owned by defendant RHQ Associates. He sustained a fracture of the right fibula, which required him to undergo multiple surgical procedures. He filed a Workers' Compensation claim listing Kingsbridge Mechanical Corp. as his employer and was awarded benefits in compensation for his injuries.

On March 30, 1990, Carlos Gonzalez and his wife commenced this action against RHQ Associates, the owner of the premises,

predicated upon alleged violations of the Labor Law. Subsequently, they filed an amended complaint to add a claim for common-law negligence. Defendant RHQ Associates is a partnership of three brothers, Reed, Hale and Quinn Rickman. RHQ Associates then impleaded Kingsbridge Mechanical Corp., the real estate management corporation it engaged to maintain the premises where Carlos Gonzalez sustained injury. Hale Rickman is the president of third-party defendant Kingsbridge and Quinn Rickman is an officer of the corporation.

After discovery was completed, plaintiffs sought to file a note of issue dated December 16, 1997. This was rejected by the court because the case had been dismissed at a calendar call on May 2, 1996.

Irrespective of whether plaintiffs made the requisite showing to warrant restoration of the case to the trial calendar, the complaint is barred by the exclusivity of the remedy afforded by the award of Workers' Compensation benefits (Workers' Compensation Law § 29 [6]). Hale Rickman, who supervised and directed the work performed by Carlos Gonzalez and testified that he is listed as the "Building Manager", was a co-employee of third-party defendant Kingsbridge, irrespective of his status as an owner of the premises where the injury was sustained (*Heritage v Van Patten*, 59 NY2d 1017, 1019; *Concepcion v Diamond*, 224 AD2d 189). This result is consistent with the rejection of the dual capacity doctrine in this State (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 158-159). It is further consistent with the statutory inclusion within the ambit of the term "owner" of an "agent, or any other person, firm or corporation, directly or indirectly in control of a dwelling" (Multiple Dwelling Law § 4 [44]; § 304 [11]; *Matter of Langsam Prop. Servs. Corp. v McCarthy*, 261 AD2d 208, 210). Thus, defendants correctly argue that plaintiff Carlos Gonzalez was a special employee of defendant RHQ Associates (*supra*; *see also, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553). Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.