■ JAGDEO RAMNARINE et al., Respondents, v MEMORIAL CENTER FOR CANCER AND ALLIED DISEASES, Appellant, and STARRETT HOUSING CORP. et al., Respondents. [722 NYS2d 493] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered March 23, 2000, which denied the motion of defendant Memorial Center for Cancer and Allied Diseases seeking summary judgment dismissing plaintiff's negligence and derivative causes of action together with the cross claims of co-defendants Starrett Housing Corp. and HRH Construction Corp. for indemnification and contribution, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint and all cross claims as against it.

On December 19, 1997, plaintiff Jagdeo Ramnarine, a building service aide employed by defendant Memorial Sloan-Kettering Cancer Center (Center), sustained a laceration to his right calf while on the loading dock at Memorial Center for Cancer and Allied Diseases (Hospital). Defendant moved for summary judgment on the ground that plaintiffs' action is barred by the exclusivity of the remedy provided by Workers' Compensation Law § 11 (as amended by L 1996, ch 635, § 2). The moving papers state that the Center and the Hospital, together with the Sloan-Kettering Institute for Cancer Research and SKI Realty, comprise a single integrated entity and, while legally separate, must be treated as one employer for purposes of the Workers' Compensation Law.

Evidence submitted in support of the motion indicates that while the individual entities have separate certificates of incorporation, they are directed by a common management and function under a combined budget. In their respective capacities, the executive officers function for the four corporations, which issue a combined audited financial statement. There is one human resources department, and a single policy manual sets forth common rules and policies of employment. A common payroll department issues paychecks to all employees, and a single premium is paid for an insurance policy covering all four entities. The organization holds itself out to the public as an integrated institution known as Memorial Sloan-Kettering Cancer Center, advertisements for employment identify it as the prospective employer, funds are solicited under its name and space is shared by the respective entities at 1275 York Avenue, which premises are identified by its collective title.

The injured plaintiff's job description involved cleaning the areas in and around Hospital facilities. Testimony elicited from

general counsel indicates that the cost of an employee's salary is allocated to cost centers within the entities depending upon the amount of work performed for each. Thus, the record indicates that the cost of plaintiff's salary was actually charged to the Hospital.

This Court has recognized that an employer's organization into separate legal entities does not preclude a finding that an employee is limited to benefits under the Workers' Compensation Law (*Di Rie v Automotive Realty Corp.*, 199 AD2d 98). It is settled that, for statutory purposes, an employee may have more than one employer (*Bradford v Air La Carte*, 79 AD2d 553). "[A] general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557; *Gonzalez v RHQ Assocs.*, 263 AD2d 413; *Gjelaj v Dwelling Mgrs.*, 251 AD2d 4).

Defendant Center has provided ample evidence to demonstrate that the injured plaintiff is relegated to his remedy under the Workers' Compensation Law. In response, plaintiffs have submitted no affidavit but only an attorney's affirmation, which is of no probative value in opposition to a motion for summary judgment (*Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916; *Farragut Gardens No. 5 v Milrot*, 23 AD2d 889) unless accompanied by supporting documentary evidence (*Zuckerman v City of New York*, 49 NY2d 557, 563). In the absence of a question of fact, such evidence is subject to construction as a matter of law, and the award of summary judgment is warranted (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *see Karczewicz v 473 Owners Corp.*, 272 AD2d 137). Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Rubin, JJ.