OPINION OF THE COURT
Dianne T. Renwick, J.
*308 Plaintiff Roberto Cruz commenced this action seeking to recover money damages for personal injuries sustained during a slip and fall on the stairs of a building located at 1035 Clarkson Avenue, Bronx, New York. At the time of the accident, plaintiff was a superintendent of the premises and an employee of Mid-State Management Corp., which was hired by defendant owner, Regent Leasing Limited Partnership, to manage the subject property. Defendant Regent Leasing Limited Partnership now moves for summary judgment dismissing the action on the ground that the exclusivity of the remedy afforded by the award of workers’ compensation benefits applies to insulate defendant from liability.
Discussion
A proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. (Zuckerman v City of New York, 49 NY2d 557 [1980].) Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. (Romano v St. Vincent’s Med. Ctr. of Richmond, 178 AD2d 467 [2d Dept 1991].)
In this action, as noted above, defendant Regent Leasing Limited Partnership moves for summary judgment on the ground that the action is precluded by Workers’ Compensation Law § 11. Where an employee is injured in the course of employment, his exclusive remedy against his employer is ordinarily a claim for workers’ compensation benefits. Here, plaintiff is not suing his employer. Nevertheless, defendant argues the action is precluded by Workers’ Compensation Law § 11 because plaintiff should be deemed an employee of defendant Regent Leasing Limited Partnership for purposes of the Workers’ Compensation Law given that plaintiff is the employee of the managing agent for defendant with regard to the property in question.
While the court has found no case directly on point, this court finds that defendant’s position is untenable as a matter of law. It is a bedrock principle of the Workers’ Compensation Law that recovery from a landowner is not precluded by the Workers’ Compensation Law in the absence of an employer-employee or coemployer-coemployee relationship. (See e.g. Russo v Hilman, 146 AD2d 690 [2d Dept 1989] [recovery from a landowner based *309 on the provisions of the Labor Law is not precluded by the Workers’ Compensation Law in the absence of an employer-employee or coemployer-coemployee relationship]; Iannielli v Serota, 169 AD2d 704 [2d Dept 1991] [an employee’s right of recovery against a general contractor predicated on the liability imposed by Labor Law § 240 is in no way affected by the Workers’ Compensation Law, absent an employer-employee or coemployer-coemployee relationship].)
In certain circumstances, different entities may be considered coemployers of an injured party. For instance, generally, the exclusivity rule of Workers’ Compensation Law § 11 applies to insulate a person or entity from liability to a worker for tortious conduct where the person or entity is the alter ego of the worker’s direct employer or exercises such control over that employer as to retain ultimate decision-making authority and financial responsibility over it. (See e.g., Kudelski v 450 Lexington Venture, 198 AD2d 157 [1st Dept 1993]; Smith v Roman Catholic Diocese of Syracuse, 252 AD2d 805 [3d Dept 1998].) Likewise, where there is more than one employer in a joint venture, an employee working for one such employer is considered an employee of the other employers in the joint venture, and thus the employee’s exclusive remedy against the entities forming the joint venture is workers’ compensation. (Mitchell v A.F. Roosevelt Ave. Corp., 207 AD2d 388 [2d Dept 1994].)
Similarly, separate corporations may be considered a single employer entitled to invoke the exclusivity rule where they comprise a single integrated entity. (Kudelski v 450 Lexington Venture, 198 AD2d 157 [1st Dept 1993]; see also, Ramnarine v Memorial Ctr. for Cancer & Allied Diseases, 281 AD2d 218 [1st Dept 2001].) The same is true where corporations have lost their separate corporate status due to having become divisions of the same corporation by virtue of a merger. (Levensen v Berkey Professional Processing, 122 AD2d 867 [2d Dept 1986].) An employer may also be regarded as insulated from liability by virtue of the exclusivity provision where the employee was injured while working for the employer’s wholly owned subsidiary. (Sanna v Rim, Inc., 8 AD3d 649 [2d Dept 2004].)
Conversely, a corporation may be refused the protection of the exclusivity provision where it is neither the alter ego of, nor engaged in, a joint venture with another corporation which employed the injured employee, even if the corporations may have the same officers and directors. (Longshore v Davis Sys. of *310 Capital Dist., 304 AD2d 964 [3d Dept 2003]; Casas v 559 Warren St. Realty Corp., 211 AD2d 742 [2d Dept 1995].) Similarly, common ownership of two business entities by the same corporation or person will not shield one of them from tort liability for the acts of the other, even if they are financially interrelated, where they are separate and distinct legal entities, as evidenced, for example, by the fact that they file separate income tax returns and have separate budgets. (See, O’Connor v Spencer [1997] Inv. Ltd. Partnership, 2 AD3d 513 [2d Dept 2003]; Kaplan v Bayley Seton Hosp., 201 AD2d 461 [2d Dept 1994].)
In this action, defendant Regent Leasing Limited Partnership has failed to establish that it must be deemed the coemployer of plaintiff for workers’ compensation purposes. Unlike the situations outlined above, the record in this case establishes that plaintiff was employed solely by Mid-State Management Corp. to act as the superintendent for the premises owned by defendant, and that defendant Regent Leasing Limited Partnership was a separate legal entity from Mid-State Management Corp. In addition, there is absolutely nothing in the record before this court to suggest that the activities of plaintiff as a superintendent were controlled by any person or entity other than Mid-State Management Corp. Under the circumstances, there is no basis to establish that Regent Leasing Limited Partnership was coemployer of plaintiff.
Defendant’s reliance on Gonzalez v RHQ Assoc. (263 AD2d 413 [1st Dept 1999]) is misplaced. In Gonzalez, plaintiff, an employee of third-party defendant Kingsbridge Mechanical Corp., was injured in a fall from a ladder while working at an apartment building owned by defendant RHQ Associates. Plaintiff sued RHQ alleging negligence and violations of the Labor Law. RHQ was a partnership of three brothers, Reed, Hale and Quinn Rickman. Hale Rickman was the president of third-party defendant Kingsbridge and Quinn Rickman was an officer of the corporation. The Appellate Division held that the complaint should be dismissed, as barred by the exclusivity of the remedy afforded by the award of workers’ compensation benefits. As the Court explained, “Hale Rickman, who supervised and directed the work performed by [plaintiff] and testified that he is listed as the ‘Building Manager’, was a co-employee of third-party defendant Kingsbridge, irrespective of his status as an owner of the premises where the injury was sustained.” (Gonzalez v RHQ, supra at 414, citing Heritage v Van Patten, 59 NY2d 1017, 1019 [1983]; Concepcion v Diamond, 224 AD2d 189 [1st *311 Dept 1996].) Under the circumstances, the Court found, the plaintiff was a special employee of defendant RHQ Associates.
In contrast, in this case, the only link between defendant Regent Leasing Limited Partnership and plaintiff’s employer was the fact that defendant owner hired plaintiffs employer to manage its premises, which, contrary to defendant’s allegations, by itself does not establish an employer-employee relationship within the ambit of the Workers’ Compensation Law. Accordingly, plaintiffs receipt of workers’ compensation benefits does not shield defendant Regent Leasing Limited Partnership from potential tort liability, solely on the fact that it hired plaintiffs employer to manage its premises, inasmuch as it is a distinct corporate entity unrelated to plaintiffs employer.
Conclusion
In sum, the motion of defendant Regent Leasing Limited Partnership, for summary judgment dismissing the complaint, on the ground that the action is barred by the exclusivity of the remedy afforded by the award of workers’ compensation benefits, is denied.