■ ROBERTO CRUZ, Respondent, v REGENT LEASING LIMITED PARTNERSHIP, Appellant. [834 NYS2d 163]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered November 14, 2006, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is undisputed that plaintiff, a janitor in the employ of a management company, was not directly employed by defendant building owner, and the record does not contain evidence that, at the time of the alleged accident, plaintiff was acting as defendant's special employee so as to entitle defendant to rely on the exclusive remedy provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *and see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Indeed there is no indication, nor does defendant building owner claim, that it directed or controlled the manner in which plaintiff performed his job (*see Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1004 [2006]). Rather, it is clear that the management company exclusively controlled and directed the manner, details and ultimate result of plaintiff's work. In the absence of evidence that an actual employment relationship existed between plaintiff and defendant, or that plaintiff was performing duties on behalf of and under the direction of defendant at the time of the accident, or that defendant was, for purposes of the Workers' Compensation Law, an alter ego of the managing agent (*see Gonzalez v 310 W. 38th, L.L.C.*, 14 AD3d 464 [2005]), defendant's motion for summary judgment, based on its Workers' Compensation Law defense, was properly denied (*see Gonzalez v Lovett Assoc.*, 228 AD2d 342 [1996]; *Granieri v*

*500 Fifth Ave. Assoc.*, 223 AD2d 450, 451 [1996]). Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ. [*See* 14 Misc 3d 307 (2006).]