VILSON DEMAJ, Respondent, v PELHAM REALTY, LLC, Appellant. [918 NYS2d 459]—

It is undisputed that plaintiff, a superintendent's helper, was not directly employed by defendant building owner. Defendant denied such a relationship at the Workers' Compensation Board proceedings, during which nonparty JFA conceded that it employed plaintiff. However, the record contains no evidence establishing that plaintiff was defendant's special employee so as to entitle defendant to rely on the exclusive remedy provisions of the Workers' Compensation Law (*see* Worker's Compensation Law §§ 11, 29 [6]; *Cruz v Regent Leasing Ltd. Partnership*, 39 AD3d 396 [2007]). Further, defendant failed to establish that it and JFA were, for the purposes of the Workers' Compensation Law, alter egos (*see Gonzalez v 310 W. 38th, L.L.C.*, 14

AD3d 464 [2005]; *compare Paulino v Lifecare Transp.*, 57 AD3d 319 [2008] [special employment relationship established where defendant and nonparty employer were operated under control of same parent corporation, shared payroll services and employee manual, and were covered by same workers' compensation insurance policy]).

Plaintiff established prima facie that he was engaged in the painting and plastering of a building when injured because of a collapsing ladder and thus was entitled to summary judgment on the issue of defendant's liability under Labor Law § 240 (1). In opposition, defendant failed to raise an issue of fact whether plaintiff was a recalcitrant worker or the sole proximate cause of his injuries (*see Stolt v General Foods Corp.*, 81 NY2d 918 [1993]; *Torres v Monroe Coll.*, 12 AD3d 261 [2004]; *Garcia v 1122 E. 180th St. Corp.*, 250 AD2d 550 [1998]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse and Freedman, Abdus-Salaam JJ.