■ GANPAT SOODIN, Appellant-Respondent, v GREGORY FRAGAKIS et al., Respondents-Appellants. [937 NYS2d 187]—

Plaintiff was entitled to partial summary judgment on his section 240 (1) and section 241 (6) claims. Plaintiff established that he was supplied with an old, weak, and shaky ladder that lacked rubber footings and was placed on a slippery polyurethane-coated floor, and that the ladder toppled over, causing him to fall. The commercial painting and plastering work in which plaintiff was engaged when he fell is covered under Labor Law § 240 (1) (*see Demaj v Pelham Realty, LLC*, 82

AD3d 531, 532 [2011]; *Gonzalez v 310 W. 38th, L.L.C.*, 14 AD3d 464 [2005]). The evidence that the ladder collapsed or malfunctioned for no apparent reason raises the presumption that the ladder "was not good enough to afford proper protection" under the statute (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). It also establishes noncompliance with Industrial Code (12 NYCRR) § 23-1.21 (b) (1), (3) (i)-(ii) and (4) and (4) (ii).

Defendants failed to raise an issue of fact as to whether plaintiff was their special employee and therefore limited to workers' compensation benefits (*see* Workers' Compensation Law § 29 [6]). Defendants contend that plaintiff was their special employee because they were the alter egos of nonparty Pine Management, plaintiff's general employer (*see e.g. Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218 [2001]). However, the record showed that Pine and defendant Delter Realty were separately incorporated and maintained separate records; there is no evidence that their finances were integrated, that they commingled assets, or that the principals failed to treat the entities as separate and distinct (*see Wernig v Parents & Bros. Two*, 195 AD2d 944 [1993] [closely associated corporations which shared directors and officers were not alter-egos]). Indeed, Pine billed Delter for plaintiff's work. Moreover, plaintiff testified that he was never supervised by anyone from Delter, and was at all times supervised by someone from Pine. Concur—Andrias, J.P., Saxe, Sweeny, Acosta, Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 32270(U).]**